Filed Nov. 23, 1893.

———————◆———————

No. 15,498.

The Equitable Accident Insurance Company v. Stout et al.

Special Verdict.—*When Sufficient.*—*Evidence and Conclusions of Law.*—*Venire De Novo.*—A special verdict should not be defeated by a strict construction, nor from the fact that it may contain unnecessary statements of the evidence or of conclusions of law. If, after eliminating such unnecessary statements, there remain findings of facts sufficient to support the judgment, the court will not grant a venire de novo.

Evidence.—*Expert Testimony.*—*Accountants.*—The evidence of expert accountants is admissible to show the balances discovered from voluminous and multifarious accounts, records, etc.

Pleading.—*Complaint.*—*Multiplicity of Matters.*—*General Allegation.*—*Evidence.*—Where the matters to be pleaded tend to indefiniteness and multiplicity, a general allegation is ordinarily allowed, and the separate items of the collective amounts may be proved, when the complaint shows the extent and complicated character of the matters in controversy.

Verdict.—*Erroneous.*—*Without the Issues.*—*Improper Evidence.*—*Misled Jury.*—*Reversal of Judgment.*—*Account and Account Stated.*—Where an action is based upon an account stated, and, also, upon an itemized account, and by the hearing of evidence relating to the particulars of the transactions composing the account stated, and con-

fusing that evidence with the proper evidence as to the itemized account, the jury are misled, and their verdict comprehends findings upon facts not in issue before them, in such case the whole judgment should be reversed in order that complete justice may be done.

From the Marion Superior Court.

*J. B. Black*, for appellant.

*R. O. Hawkins* and *H. E. Smith*, for appellees.

HACKNEY, J.—The appellant sued the appellees on two bonds, each in the sum of twenty-five hundred dollars, and conditioned for the faithful discharge of his duties by the appellee Stout, as the general agent of the appellant for the State of Indiana, and for the prompt payment to said company of all premiums collected by him for said company. The complaint alleges that said Stout defaulted in the payment of sums received by him for the appellant, and that on the 4th day of February, 1888, said agency was surrendered by Stout and by agreement of said company; and the appellant, said company, selected one Herr, and said Stout selected one Glazier, both of whom were expert accountants, who should canvass the books, papers, accounts and transactions of said Stout as such agent; that it was agreed between the appellant and the appellees that the finding of said experts should be final as to all transactions reviewed by them; that they found said Stout to be indebted to the plaintiff, upon transactions exposed to their investigations, in the sum of $3,146.77, a statement of which was furnished plaintiff and said Stout over the signatures of said experts; a copy of which statement is set out at full length in the pleading. It is further alleged that said Stout was indebted on account of collections and printing, not included in the investigations of Herr and Glazier, as per bills of particulars marked "Exhibits C" and "D." Upon issues formed, the cause was submitted to a jury,

which returned a special verdict, finding that on November 18, 1886, one Coons was the general agent of the appellant for the State of Indiana, and on that day Stout was appointed as such agent by contract, to take effect January 1, 1887; that by contract between the company and Coons, the agency of the latter was surrendered to Stout, to take effect December 1, 1886; that on November 27, 1886, the first of the two bonds in suit was executed; that before the execution thereof, Branham and Egan, the sureties, had seen said contract of November 18, 1886, appointing said Stout such agent, and had no knowledge of any other agreement, and believed said bond to cover only the agency provided in said contract, when by verbal contract between Coons and Stout, said Stout succeeded to said agency December 1, 1886; that Stout acted under said contract of November 18, 1886, from January 1 to January 25, 1887.

By the second finding of the jury, it appears that the company and Stout made another contract of agency dated January 25, 1887, but executed thereafter, and by understanding between them, was to take effect as of that date, and to extend to January 25, 1888; that on March 12, 1887, the appellees executed an additional bond, or the second bond in suit, said sureties having seen the said contract of agency dated January 25, 1887, and believing said bond to cover that contract only, and that Stout continued to act as such agent under said last named contract until January 1, 1888.

By the third finding it appears that from December 31, 1887, to and including February 4, 1888, Stout acted as such agent without any contract of agency, and by the acquiescence of the company, and that on said last named date said company and Stout, by contract, turned over to said Coons said agency for the collection of all claims

due said company, and the payment of such shortage as should be found against said Stout.

By the fifth finding it appears, that the company and Stout procured Herr and Glazier, experts, to examine the books, accounts, papers and transactions of said agency by Stout; that there was no agreement that the finding of such experts should be binding on the parties, and that the finding made by them was never acquiesced in by any of the defendants; and, further, that said experts made an examination and stated the result thereof, which statement showed a balance due the company, on collections made, in the sum of $3,146.77, and that there were uncollected premiums, orders, etc., to the amount of $5,353.95.

By the seventh finding of the jury, it appears that there was no evidence as to collections by Stout, for the company, between December 1, 1886, and January 1, 1887, nor between the 1st and 25th days of January, 1887, and, following these facts, we find this statement: "By the written statement introduced in evidence, as made by Herr and Glazier, it is shown that the defendant Stout collected premiums amounting to the sum of forty-nine hundred and seven dollars and seventy-six cents ($4,907.76), and that of the items set out in 'Exhibit C,' attached to and made a part of the complaint, he collected the sum of three hundred and eighty dollars and thirty-four cents ($380.34), and he is chargeable with a further sum of ninety-three dollars ($93) on account of over deduction, making the total amount of collections so made by the defendant Stout, and the said ninety-three dollars, amount, in the aggregate, to five thousand three hundred and eighty-one dollars and ten cents ($5,-381.10); that under the said statement and summary introduced in evidence, which was made by Herr and Glazier, the defendant Stout is entitled to a credit in the

sum of twenty-one hundred and eighty-eight dollars and seventy-two cents ($2,188.72), and, under the items set out in 'Exhibit C,' which is a part of the complaint, the defendant Stout is entitled to a credit in the sum of one hundred and fifty dollars and sixty-seven cents ($150.67), and he is entitled to a further credit, on account of commissions, and on account of collections made by the plaintiff upon policies written at the Ohio Falls Car Company works, in the State of Indiana, in addition to those credited to him in the statement made out by Herr and Glazier, which was introduced in evidence, in the sum of eight hundred and forty-three dollars and eighty-three cents ($843.83), and for, and on account of, policies written and collections made by the plaintiff upon the business written upon persons working in factories at Haughville, for which no credit was given him in said statement of Herr and Glazier, or in the complaint, in the sum of two hundred and forty-four dollars and ninety-eight cents ($244.98), and he is also entitled to a credit in the further sum of two hundred and thirty-six dollars and twenty-two cents ($236.22), the amount of certain notes with which he is charged in said statement of Herr and Glazier, there being no evidence that the same were ever collected by the defendant, or by any one for him; that said Stout is entitled to a further credit in the sum of one thousand dollars ($1,000), the amount of a certain note executed by the defendant Stout and Julia A. Stout, his wife, to Amanda Donaldson, and by her endorsed to and delivered by the defendant Stout to the plaintiff, which note was afterwards paid by sale of the property of said Amanda Donaldson, for which sum he has never received any credit, making the whole amount to which said defendant Stout is entitled to credit forty-six hundred and sixty-four dollars and forty-two cents ($4,664.42)."

The Equitable Accident Insurance Company *v.* Stout *et al.*

. By the eighth finding of the jury, it appears that of the amount collected by Stout and with which he is charged in the Herr-Glazier statement and in "Exhibit C," he collected sixteen hundred and one dollars and forty-two cents ($1,601.42) after December 31st, 1887, and that as shown by said Herr-Glazier statement, the premiums uncollected to February 4th, 1888, paymaster's orders, agents, etc., amounted to fifty-three hundred and fifty-three dollars and ninety-five cents ($5,353.95), and of this sum Stout would be entitled to forty per cent. upon all amounts collected after the 4th day of February, 1888.

From the findings of fact the jury conclude that if Stout is liable for the collections in 1888 the appellant should have recovered $716.68. If not so liable the appellees should have recovered. And, further, if Branham and Egan should be liable for such collections, the appellants should recover against them $716.68, and if not so liable they should recover.

The appellant filed motions for a *venire de novo* and for a new trial, each of which motions was overruled and the court gave judgment for $716.68, as against the appellee Stout, only.

The assignments of error, by the appellant, bring in review four questions:

1st. The action of the court below in striking out that part of plaintiff's complaint relating to the item of printing in "Exhibit D," filed with the complaint.

2d. The overruling of plaintiff's demurrer to appellees Branham and Egan's separate seventh answer.

3d. The overruling of the appellant's motion for a *venire de novo*, and

4th. The overruling of appellant's motion for a new trial.

. The allegation of the complaint, stricken out, is to the

effect that Stout had contracted, in the name of the plaintiff, an indebtedness of $50.25 with Hasselman-Journal Company for printing, and that Stout is insolvent.

The contract of agency obligates Stout to pay all expenses of procuring risks, including advertising, transportation, and sub-agencies. The allegation does not bring the items of printing within the obligation so assumed by Stout. It is not alleged that the printing was in the line of advertising, nor does it appear that it was in procuring risks or supplies for his agency or for sub-agencies.

It is not made to appear that the appellant paid for the printing, and it may well be doubted if, under the contract of agency, Stout could have created a liability against the company on account of services or supplies which, by the terms of the agency, the company was not required to furnish. However, this position is not essential to the conclusion that there was no error in striking out the allegation.

The seventh paragraph of the separate answer of Branham and Egan, involved in the second assignment of error, was that the appellant was a foreign insurance company, and that the certificate of the auditor of State authorizing said company to do business in this State was issued upon insufficient evidence.

We find it unnecessary to consider this ruling, since the evidence includes no testimony addressed to this answer, and the finding of the jury is in no manner affected by the answer or the matters therein pleaded. Even if we felt certain that the ruling was incorrect, we would not hold it an error for which the judgment should be reversed, when it is apparent that the appellant was not prejudiced by the ruling.

Upon the third assignment of error, the overruling of appellant's motion for a *venire de novo*, the appellant has

The Equitable Accident Insurance Company v. Stout *et al.*

made an able and earnest argument against the ruling of the lower court and in favor of the proposition that the special verdict finds and states the evidence of, but not the ultimate facts. *Gordon* v. *Stockdale*, 89 Ind. 240; *Pittsburgh, etc., R. R. Co.* v. *Spencer*, 98 Ind. 186; *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582; *Louisville, etc., R. W. Co.* v. *Balch*, 105 Ind. 93; *Jones* v. *Baird*, 76 Ind. 164; *Parker* v. *Hubble*, 75 Ind. 580; *Locke* v. *Merchants Nat'l Bank*, 66 Ind. 353; *Glantz* v. *City of South Bend*, 106 Ind. 305, are cited in support of the contention that the special verdict should find the facts, not merely the evidence of them, and not conclusions of law.

We agree with this contention as to what a special verdict should contain, but a special verdict should not be defeated by a strict construction, nor from the fact that it may contain unnecessary statements of the evidence or of conclusions of law. If, after eliminating the unnecessary statements of evidence and conclusions of law, there remain findings of facts sufficient to support the judgment, the court will not grant a *venire de novo*. *Woodward* v. *Davis*, 127 Ind. 172; *Terre Haute, etc., R. R. Co.* v. *Brunker*, 128 Ind. 542; *Evansville, etc., R. R. Co.* v. *Taft*, 2 Ind. App. 237.

The special verdict, after thus paring off the unnecessary parts, should be considered, not in its detached or fragmentary parts, but from its four corners, and then, if all of the elements necessary to sustain the judgment are found as ultimate facts, no error exists in denying the motion for a *venire de novo*.

We find that the special verdict, in several instances, refers to the fact of the existence of a charge against Stout on a credit in his favor, as having been shown by the Herr-Glazier statement, as introduced in evidence. If the findings depended upon such references to the ev-

idence, there would be much force in the appellant's contention that the findings were not of facts, but merely the evidence of the facts. But, in stating the charges against Stout, we find, in the seventh special finding, after stating a charge as made in the Herr-Glazier statement, that "he collected $380.34, and he is chargeable with a further sum of $93 on account of over-deductions, *making the total amount of collections so made by the defendant Stout, and the said $93, amount, in the aggregate, to five thousand three hundred and eighty-one dollars and ten cents.*"

Credits are stated in the same form, concluding with the statement of such as *"making the whole amount to which said Stout is entitled to credit, forty-six hundred and sixty-four dollars and forty-two cents."*

Subtracting the total credits thus found, from the total charges so stated, and the balance is $716.68, the amount found for the appellant, and for which judgment was given. Adding the various items of charges set out in the verdict, including the gross charges by the Herr-Glazier statement, then adding the various items of credits set out in the verdict, including the gross credits by the Herr-Glazier statement, and deducting the aggregate credits thus ascertained, from the gross charges thus ascertained, and the balance is found to be $716.68, or the amount of the finding and judgment.

The result, by either method, is the same, and agrees with the judgment, and either method we believe to be a reasonable construction of the verdict. But if we should exclude the latter, as supported in part by merely evidentiary statements, there is no reasonable ground for the exclusion of the former.

The complaint proceeds upon the theory that the amount of Stout's alleged defalcation was to be determined, in part, as upon an account stated, by the state-

ment of the result of the examination, by the experts, of the books, accounts, and papers of Stout's office. This statement was exhibited with the complaint, and we have made frequent references to it as a part of the evidence in the cause.

Of the elements of alleged indebtedness of Stout, as set forth in the experts' statement, there are two charges entirely ignored by the jury in their special verdict, and not estimated, as clearly appears, in the amount found to be owing to the appellant; one of such omitted charges was the sum of $307.83 on account of taxes against the appellant and alleged to have been agreed, by Stout, to be paid by him, and the other of which charges was $26.60, one-half of the sum alleged to have been paid on account of State auditor's fees, and which, by the terms of the contract of agency, were chargeable to Stout.

The appellant insists that the statement of the experts was competent evidence to support the alleged agreement that the company, on the one side, and Stout, Branham and Egan on the other, would abide the finding of the experts, as the result of their examination of Stout's books, accounts, and papers.

It is further insisted, by the appellant, that the statement of the experts was competent evidence of the state of accounts between the parties, independently of any such an agreement, upon the theory that where the books, papers, records, and entries are voluminous and multifarious, and of such character as to render it difficult for the jury to arrive at a correct conclusion as to amounts, expert accountants may examine the books and other *data,* and give the result of such examination.

As to the first of these contentions, it will be remembered that the jury found that none of the parties made an agreement that the examination by the experts should bind them. We have examined the evidence sufficiently

to learn that upon this point the conflict was stubborn, and we are not at liberty to weigh the testimony and decide where it preponderated.

As to the second of these contentions, we agree with the proposition that in a proper case the evidence of experts is admissible to show the balances discovered from voluminous and multifarious accounts, records, etc., as held in *Rogers* v. *State, ex rel.*, 99 Ind. 218; *Hollingsworth* v. *State*, 111 Ind. 289; *Boston, etc., R. R.* v. *Dana*, 1 Gray, 83; 1 Greenleaf on Ev., section 93.

Is this a proper case for evidence of this character, upon the issue as formed by the pleadings, when considered with reference to this second contention?

As we have said, the complaint is, as to the character and extent of the alleged defalcation, in part, upon an account stated; it contains no bill of particulars of the two items of taxes and auditor's fees, but includes them in the summary alleged as the account stated, it alleges no payment of the taxes and fees by the appellant, and in no respect can we construe the complaint as embodying a claim as upon a common count, so far as it relates to such taxes and fees.

Greenleaf, in his work on Evidence, in note 4 to section 93, of volume 1, after discussing the privilege of introducing testimony of the result of an examination of voluminous books, accounts, etc., says:—

"The rules of pleading have, for a similar reason, been made to yield to public convenience in the administration of justice; and a general allegation is ordinarily allowed, when the matters to be pleaded tend to infiniteness and multiplicity, whereby the rolls shall be encumbered with the length thereof. *Mints* v. *Bethil*, Cro. Eliz. 749; Stephen on Pleading, 359, 360." While we find it unnecessary to affirm this rule of pleading, we have viewed the complaint with reference to it, and are

unable to hold the evidence admissible to prove the separate items or the collective amounts, as upon a common count, because of the absence of allegations in the complaint showing the extended and complicated character of the books, papers, accounts, etc., or other allegations from which the rule may be applied.

Where the action is upon an account stated, and the evidence fails to show the assent of the parties to the balance by express agreement or fair implication, there can be no recovery. *Volkening* v. *DeGraaf*, 81 N. Y. 268; *Bouslog* v. *Garrett*, 39 Ind. 338; Abbott's Trial Brief, sections 771, 772, and cases there cited. This case involves the peculiar circumstance of the acceptance, by the jury, of the evidence to prove the account stated as proof, in part, of the separate charges of that account, while the same evidence, uncontradicted, is rejected as proof of other charges of like character. The suit involves bonds given for the performance of Stout's duties as agent, and the punctual payment of moneys belonging to the company; there is no express provision of the bonds as to the period of such agency to be covered thereby. The suit is, as we have shown, by a complaint in one paragraph, alleging an indebtedness of $3,146.77, upon an account stated and an indebtedness of $232.22, as upon a common count, a bill of the items of which is made part of the complaint. Evidence was heard not only of the agreement of the parties to abide the finding of the experts, but as going to prove the condition of the accounts in detail, as involved in the alleged account stated, pleaded in summary form. The jury found upon the condition of the accounts so involved, and found that there was no case upon the account stated, by finding that the parties at no time agreed to abide the action of the experts. It was further found that Stout was indebted to the appellant in a sum near $500 in excess of that ele-

ment of the case included in the indebtedness of $232.22.
It was also found that the sureties, under these general
bonds, were not liable for Stout's misappropriations dur-
ing special periods of his agency.    We recall this condi-
tion of the cause, as tried in the court below, to illus-
trate the absence there of any well defined theory of the
parties or the jury, in the trial.    To the account stated,
under the authorities we have cited, the only evidence
admissible in support thereof was the agreement, express
or implied, to be bound by the finding of the experts,
and as to what that finding was.    The evidence of the
defense, as to that element of the cause, was, under
the denial and plea of payment, to disprove the agree-
ment to abide the finding of the experts, and to establish
the payment of the amount shown by the plaintiff's evi-
dence to have been found by the experts.

To the items of account not included in the account-
ing by the experts, the $232.22 demanded of the com-
plaint, evidence was admissible to establish and in re-
buttal of each item in detail, and to the payment thereof.
By the hearing of evidence relating to the particulars of
the transactions composing the account stated, and con-
fusing that evidence with the proper evidence as to the
itemized account, the jury was misled, and their ver-
dict comprehends findings upon facts not in issue before
them. , If the verdict should stand, the appellant would
be precluded from a suit upon the account found not to
have been an account stated, or that would be held no
bar to such an action, and injustice would result to the
appellees by having a judgment against them, or some
of them, for $716.68, when, under the proper issue
tendered, in the absence of establishing the account
stated, $232.22 was the most they could possibly be liable
for.    While not necessary to our conclusion, and we do
not so decide, it is a question whether the sureties are

not liable upon their general bonds for any defalcation during the period of Stout's agency, after the contract of November 18, 1886.

We are unable to find any view of the case from which the verdict was authorized by the issues joined.

We do not weigh the evidence, nor do we place our decision upon any error in the admission of improper evidence.

From the view we do take of the cause, the verdict is contrary to law. It can not be sustained upon the issues properly before the court, and manifest injustice would be done to permit it to stand. A verdict is contrary to law when it is contrary to the principles of law as applied to the facts which the jury are called upon to try; when it is contrary to the law which should govern the cause. *Robinson Machine Works* v. *Chandler*, 56 Ind. 575; *Bosseker* v. *Cramer*, 18 Ind. 44; 1 Works' Prac., section 916; *Cincinnati, etc., R. W. Co.* v. *Darling*, 130 Ind. 376.

This is one of that class of causes to which reference is made by Judge Elliott in his Appellate Procedure, section 487, "wherein the trial court proceeds upon an erroneous theory which is carried to a judgment affecting the interests of all the parties to the suit or action. In such a case, the whole judgment or decree must be reversed in order that complete justice may be done."

The judgment is reversed, with instructions to the court below to grant a new trial.

Filed Feb. 24, 1893; petition for a rehearing overruled Oct. 20, 1893.