## MILLER *v.* FARR.

[No. 22,080.    Filed June 4, 1912.]

1. PLEADING.—*Complaint.—Real Estate Commission Contract.— Motion to Strike Out.*—In an action to recover a commission for the sale of real estate, where the contract embodied in the complaint was entered into between the purchaser and the defendants and contained defendants' promise to pay plaintiff $160 for his services in procuring the purchaser and negotiating the sale, the court did not err in overruling a motion to strike the contract from the complaint.   p. 38.

2. CONTRACTS.—*Contract for Benefit of Third Persons.—Right of Action.*—Where a contract is executed for the benefit of a third person, the latter may maintain an action thereon.   p. 38.

3. CONTRACTS.— *Real Estate Commission.— Statute.— Execution After Services Rendered.*—Under §7463 Burns 1908, Acts 1901 p. 104, requiring contracts for commissions for the sale of real estate to be in writing, it is not necessary to the validity of the written contract that it shall have been executed before the services were rendered.   p. 39.

4. CONTRACTS.—*Real Estate Commission.—Complaint.—Allegations. —Acceptance of Deed.*—In an action by a real estate broker to recover a commission, where, by the terms of the contract sued on, the purchaser deposited $500 of the purchase price in bank to be turned over to the vendor when the vendor placed in such bank a warranty deed duly executed, and that out of said sum the vendor was to pay the broker a commission of $160, a complaint alleging the services rendered, setting out the contract, and alleging the execution of the deed and the receipt by vendor of the $500, and vendor's refusal to pay the commission, was sufficient without an averment that the deed had been accepted by the purchaser.   p. 39.

5. APPEAL.—*Ruling on Motion for New Trial.—Briefs.—Waiver:—* Appellant waives consideration of error assigned in overruling a motion for new trial, where neither a copy nor the substance of the motion is set out in the briefs.   p. 39.

6. CONTRACTS.—*Action on Real Estate Commission Contract.— Trial.—Special Findings and Conclusions of Law.*—In an action by a real estate broker to recover a commission, where the facts specially found disclose that plaintiff and defendants entered into a verbal contract whereby plaintiff should procure a purchaser for defendants' land, for a commission, that plaintiff procured a purchaser to execute the contract sued on and who paid to de-

fendants the sum of $500 as provided therein, and out of which sum it was therein provided that plaintiff should receive his commission, that defendants signed the deed, but that it was not delivered because purchaser failed to pay the remainder of the purchase price, and that plaintiff demanded payment of the commission, which was refused, the court did not err in its conclusions of law that plaintiff was entitled to judgment for the amount of the commission and interest thereon. p. 39.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by James B. Farr against Deborah Miller and others. From a judgment for plaintiff, the defendant Deborah Miller appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*J. W. Murphy* and *D. F. Brooks,* for appellant.
*McCracken & Eikenberry,* for appellee.

SPENCER, J.—This was an action to recover for the breach of a written contract, a commission for the sale of real estate. The cause was tried by the court, which made a special finding of facts and stated its conclusions of law thereon. Judgment for appellee against appellant Deborah Miller.

It is alleged in the complaint that on September 26, 1907, defendants were the owners of certain described real estate in Wabash county, Indiana; that on that date defendants employed plaintiff to procure for them a purchaser for the real estate at the price of $14,400, on terms of $500 cash, and the remainder either in cash or to be paid March 1, 1908; that plaintiff procured a purchaser for the land, one James Blake, and the latter and defendants entered into a written agreement on September 26, 1907, which contains the promise of defendants to pay plaintiff the sum of $160 for his services for procuring a purchaser and negotiating the sale.

A copy of the agreement is set out in the complaint, and is, in substance, as follows: In consideration of $14,400, $500 of which is to be placed in a bank in Wabash until the defendants place in such bank a warranty deed, duly executed, for the real estate (described in the agreement)

"when said $500 is to be turned over to Deborah Miller [appellant] and out of the same she shall pay James Farr [appellee] the sum of $160, his commission out of the same for the sale of said land."

The contract further provides that on March 1, the balance of the $14,400 shall be paid by Blake to Deborah Miller, and the deed for the land shall be delivered to Blake. The contract contains other provisions, which have no bearing on the issues in this cause.

It is alleged further that defendants accepted the sale negotiated by plaintiff, and on September 26, Blake paid to Deborah Miller $500, and with the knowledge of her co-defendants, she accepted the same and deposited it in the bank, and afterward, but before March 1, 1908, defendants executed and placed in the bank a warranty deed, pursuant to the terms of the contract, whereupon the rights of defendants to the $500 became absolute, and plaintiff's right to the $160 became complete; that, thereafter, he demanded the same, payment of which was refused; that Deborah Miller has drawn from the bank the $500, and holds it, and refuses to pay to plaintiff the $160, after he had demanded the same. Judgment for $160 and interest is prayed.

1. Defendants filed a motion to strike out of the complaint the contract sued on. This motion was overruled, and defendants claim such action of the court was erroneous. The court did not err in overruling the motion.

Defendants filed a demurrer to the complaint for insufficiency of facts. The court overruled it. This is here assigned as error, because (1) the contract sued on was not executed by plaintiff, and (2) because by the act of March 5, 1901 (Acts 1901 p. 104, §7463 Burns 1908), relating to commissions for sale of real estate by agents, defendants incurred no liability, and (3) because it is not averred

2. that the sale was completed. We do not hesitate to say that it is the settled law in Indiana, where a con-

tract is executed for the benefit of a third person, the latter may maintain an action thereon. *Ferris* v. *American Brewing Co.* (1900), 155 Ind. 539, 58 N. E. 701, 52 L. R. A. 305, and cases cited; *Ransdel* v. *Moore* (1899), 153 Ind. 393, 53 N. E. 767, 53 L. R. A. 753, and cases cited.

3. While the statute above referred to provides that contracts for commissions for the sale of real estate are invalid unless in writing, it is not necessary that the written contract for such commission shall have been executed before the services were rendered. *Doney* v. *Laughlin* (1912), 50 Ind. App. 38, 94 N. E. 1027.

4. Whether or not the deed was accepted, cannot, under the terms of this contract, affect appellee's right to the $160, for it is expressly provided therein that Deborah Miller shall pay the same to appellee when the $500 is turned over to her. When the deed was signed, the sum was paid to her, and she became, under the terms of the contract, in legal contemplation, a trustee, holding the sum of $160 for appellee's benefit, and on his demand therefor and a refusal to pay the same to him, a cause of action therefor in his favor accrued. The complaint states a cause of action, and the court did not err in overruling a demurrer thereto.

5. The next ruling complained of is that the court erred in overruling appellant's motion for a new trial. No copy or substance of said motion is set out in appellant's brief, as required by Rule 22 of this court, and by failing to comply with said rule, appellant has waived such consideration. *Hall* v. *McDonald* (1908), 171 Ind. 9, 17, 85 N. E. 707; *Isanogle* v. *Russey* (1910), 174 Ind. 245, 247, 91 N. E. 938; *Bennett* v. *Root Furniture Co.* (1911), 176 Ind. 606, 96 N. E. 708.

6. It is next contended that the court erred in its conclusions of law on the facts specially found. The special finding of facts discloses that before September 26, 1907, plaintiff and defendants entered into a verbal contract, wherein it was agreed that plaintiff should pro-

cure a purchaser for the land of defendants for a commission; that plaintiff did procure Blake to execute the contract here declared upon, and pay to defendants the sum of $500, as provided therein; that Deborah Miller received the $500, and kept the same; that defendants signed a deed for the land, and placed it in the bank pursuant to the terms of the written contract, but it was not delivered to Blake, because he failed to pay the remainder of the purchase price; that plaintiff, on or before March 1, 1908, demanded of Deborah Miller, the payment of the $160, which was refused. The court stated its conclusions of law, that appellee was entitled to judgment against Deborah Miller for $160 and interest thereon.

For reasons heretofore given, the court did not err in its conclusions of law.

There being no reversible error in the record, judgment affirmed.

NOTE.—Reported in 98 N. E. 805. See, also, under (1) 31 Cyc. 639; (2) 9 Cyc. 377; 39 Am. St. 531; 71 Am. St. 176; 2 L. R. A. (N. S.) 783; (3) 19 Cyc. 220; on the question of the power of the legislature to require contracts for commissions for finding a purchaser for real estate to be in writing, see 33 L. R. A. (N. S.) 973; (4) 19 Cyc. 274; (5) 2 Cyc. 1014; (6) 19 Cyc. 287.