## WADDLE v. SMITH.

[No. 8,562.   Filed April 16, 1915.]

1. APPEAL.—*Record.*—*Bill of Exceptions.*—Where the bill of exceptions containing the evidence was not presented to the trial judge within the time allowed for the presentation of a bill of exceptions, the same was not properly a part of the record on appeal.   p. 590.

2. CONTRACTS.—*Commissions.*—*Sales of Real Estate.*—*Statutes.*— There can be no recovery on an oral contract of employment to act as agent for the sale of real estate, but where services have been rendered under such an agreement, the equitable consideration arising out of the transaction is sufficient to support a written contract thereafter executed to pay for such services.   p. 590.

3. CONTRACTS.—*Commissions.*—*Sales of Real Estate.*—Where a landowner agreed to pay a real estate agent his commission as soon as the sale was completed, and executed a writing to that effect the day after he and the prospective purchaser had entered into a binding agreement for the sale of the property, the broker could then have recovered his commission, though the conveyance had not been made or the purchase price paid; but on the subsequent modification of the contract between the owner and the prospective purchaser, made at the solicitation of the agent, whereby the purchaser was given a mere option which was never exercised, the agent could recover nothing on his commission contract.   p. 590.

From Superior Court of Marion County (83,660); *John J. Rochford,* Judge.

Action by Howell Waddle against John Ed. Smith. From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*John S. Smith* and *Pickens, Cox & Conder,* for appellant.

*John B. Elam, James W. Fesler* and *Harvey J. Elam,* for appellee.

IBACH, J.—This was an action by appellant to recover his commission as a real estate agent for the sale of a farm for appellee.   The complaint alleged that appellant on January 15, 1909, was a real estate agent, buying and selling real estate on commission; that on said date appellee owned a farm in Marion County, Indiana, which he desired to sell

and employed appellant as his agent to find for him a purchaser of said real estate at the price of $100 per acre, for which service he was to pay appellant a commission of two per cent on the selling price of the same; that in pursuance of said employment, appellant obtained a purchaser in the person of one Leroy Templeton, on April 25, 1910, who submitted a signed proposition in writing, whereby he agreed to buy through Waddle's agency the Smith farm of 611 acres at $100 per acre, to pay $1,000 down submitted with contract, $24,000 in thirty days, the balance to be carried six months at five per cent interest, and if not paid at the expiration of that time, to be renewed for one and two years at six per cent, the land to be deeded to him by a general warranty deed, an abstract showing good title to be furnished to him, and he agreeing to assume the lease then on the land. This proposition was to be good and binding on him if accepted within twenty-four hours. On the same day appellee signed an instrument agreeing to accept the above proposition, provided the purchaser would agree to take all the stock, grain, hay and implements on said farm at an agreed price, and on the same day said Templeton accepted in writing said conditions and modifications. It is further alleged that the contract, whereby appellant was employed by appellee as his agent to find a purchaser for his said farm, was, because of neglect and carelessness of both appellant and appellee, not reduced to writing until April 26, 1910, when appellee executed to appellant the following agreement in writing:

"Indianapolis, Ind., April 26, '10.
I herein agree to pay to the order of H. Waddle the sum of Twelve Hundred and Twenty-three Dollars ($1,223.00) when he completes the sale of my Decatur Township farm. John Ed. Smith."

Answer in general denial was filed, and a second paragraph of affirmative answer, to which a demurrer was sustained. A third paragraph of answer was then filed by

appellee, which alleged in substance, that subsequently to the execution of the agreement of April 25, 1910, Templeton requested appellee for an extension of time of thirty days within which he might complete his arrangements for the purchase of the farm; that as a result of such solicitations and request of Templeton and appellant, on May 26, 1910, appellee and Templeton entered into an agreement, which expressly stated that the former agreement was an option contract, and which stated that Templeton desired an extension of time for a further period of thirty days in which he might exercise such option, and which also stated that if Templeton failed to exercise his option within thirty more days, the $1,000 already paid should be kept by appellee as liquidated damages; that appellant was present at all conferences at which appellee was present when said extension of time was discussed, and urged appellee to grant said Templeton the extension of time so requested; that appellee first refused the extension, but on being urged by appellant, finally agreed to it; that thereupon appellant and appellee went to the office of appellee's attorney, who dictated the instrument, signed by Templeton; that this was done in the presence and hearing of appellant, and appellant made no objection to extending the time as requested, or to any provision or stipulation of said agreement, or to the execution of said agreement, but on the contrary appellant was so urgent that such extension be granted by the appellee, that appellee acceded to the requests so made and joined in the agreement, and not otherwise; that Templeton failed to make the necessary arrangements for the completion of the purchase of said farm within the time fixed in the said agreement, and made no further effort to complete said purchase; that Templeton was the only prospective purchaser of said real estate with whom appellant negotiated, and he did not complete the sale of said real estate to said Templeton or to any one else.

Appellant has assigned as error the overruling of his

demurrer to the third paragraph of answer, which is the only error properly before us. He has also assigned the overruling of his motion for new trial, but has nowhere in his brief set out such motion. The consideration of this motion would also involve a consideration of the evidence, and appellee has suggested, and appellant admits, that the bill of exceptions containing what purports to be a transcript of the evidence was not presented to the judge within the time allowed for the presentation of a bill of exceptions, and therefore is not properly in the record.

Appellant contends that the sale of the property by him to Templeton was completed on April 25, 1910, and thereupon his commission became due and payable. Had a written contract to pay the commission on the completion of the sale been made before April 25, we think appellant's position on this point would be correct. There can be no recovery on an oral contract of employment to act as agent for the sale of real estate. §7463 Burns 1908, Acts 1901 p. 104; *Zimmerman* v. *Zehender* (1905), 164 Ind. 466, 73 N. E. 920. However, where services have been rendered under a verbal agreement to pay commissions for the sale of real estate, "this equitable consideration arising out of the transaction, is sufficient to support a written contract binding the person, for whom the sale is made, to pay for the services, and such writing is not invalid because executed after the services are rendered." *Doney* v. *Laughlin* (1912), 50 Ind. App. 38, 94, N. E. 1027, 1029.

Appellee urges that the contract reduced to writing on April 26, 1910, contemplates that at that time the sale is not completed, that something more is to be done to complete it, because it uses the word, "when he completes the sale of my farm". However, in considering the pleadings, we think effect should be given to the allegation in the complaint that this was understood by both appellee and appellant as relating back to and cover-

ing the original agreement of January 15, 1909, and we believe this writing would support a recovery for a sale completed before its date. We think there is no doubt that the sale to Templeton was so far completed, as to entitle appellant to his commission, on April 25, 1910. "When the broker has effected a bargain and sale, by a contract which is mutually obligatory on the vendor and vendee, he is entitled to his commission." *Love* v. *Miller* (1876), 53 Ind. 294, 300, 21 Am. Rep. 192. See, also, *Micks* v. *Stevenson* (1899), 22 Ind. App. 475, 51 N. E. 492. A "consummated sale" has been defined as one consummated by "such a contract as will be enforced by the courts, if enforcement be demanded." *Ormsby* v. *Graham* (1904), 123 Iowa 202. See, also, *Alvord* v. *Cook* (1899), 174 Mass. 120, 54 N. E. 499; notes to *Lunney* v. *Healey* (1898), 44 L. R. A. 593, 605; *Pfanz* v. *Humburg* (1910), 29 L. R. A. (N. S.) 533; 4 R. C. L. 310; *Riggs* v. *Turnbull* (1907), 11 Ann. Cas. 783, 786. However, where through the fault of the broker who procured the purchaser, the contemplated transfer of lands is never made, he thus would lose his right to commissions. *Gibson* v. *Gray* (1897), 43 S. W. (Tex. Civ. App.) 922, 925; *Bach* v. *Emerich* (1873), 35 N. Y. Super. Ct. 548.

In this case it appears from the complaint that a valid and binding contract of sale was entered into between Templeton and appellee, one which either of them could have enforced. However, the answer discloses that appellant, by his urgent importunities, induced appellee to surrender this contract and enter into another, whereby he surrendered the right he had to sue on the contract for the purchase price of the lands sold, and entered into a mere optional agreement for sale, with liquidated damages for forfeiture. This second contract was never completed, and therefore appellant was entitled to no commission.

We see no alternative between this holding, which seems to us the right one, and the holding that the contract between appellant and appellee contemplated that no com-

missions should be paid until the deed to the lands was executed by appellee, and the purchase price paid or adequately secured by the purchaser. Under either view, appellant could not recover.

The court did not err in overruling appellant's demurrer to appellee's third paragraph of answer. Judgment affirmed.

NOTE.—Reported in 108 N. E. 537. As to when brokers become entitled to commissions, see 28 Am. St. 546. Right of real estate broker to commission where purchaser fails to comply with binding contract of sale, see 11 Ann. Cas. 786. Right of real estate broker to recover commissions under oral contract of employment where statute requires written contract, see Ann. Cas. 1915 A 1133. As to the right of a real estate broker to compensation upon procuring customer to take an option, see 43 L. R. A. (N. S.) 91. See, also, under (1) 3 Cyc. 37; (2) 19 Cyc. 219; (3) 19 Cyc. 253.