GAINES ET AL. *v.* TAYLOR ET AL.

[No. 14,567.   Filed April 21, 1933.]

*Morton C. Embree* and *Charles O. Baltzell,* for appellants.

*Benjamin F. Zieg, Douglas H. McDonald,* and *T. Morton McDonald,* for appellees.

DUDINE, J.—Appellee, John Taylor, filed suit for damages for personal injuries alleged to have arisen out of a collision of the automobile of appellee, Cora Williams, and the ambulance of appellants in which he was being transported from a hospital to his home as a passenger for hire.

The collision occurred at the intersection of Elliot St. and Lincoln Ave. in the city of Evansville. Lincoln Ave. was, at that time and place, a "through" street by virtue of an ordinance of the City Council of said city. Appellee's, Cora Williams' automobile was proceeding eastward on Lincoln Ave., and appellant's ambulance was

proceeding southward on Elliot St. at the time of the collision.

The issues were formed by an amended complaint in one paragraph, and an answer of general denial filed by appellee, Cora Williams, an answer in three paragraphs filed by appellants, and a reply in general denial to appellant's second and third paragraphs of answer.

Appellant's first paragraph of answer was a general denial. Their second and third paragraphs of answer, each, were based on a separate ordinance of the City of Evansville which gave ambulances preference in traffic. Trial was had by a jury, which found for appellee John Taylor against the appellants, and found for appellee Cora A. Williams. Judgment was rendered on the verdict, and appellants filed a motion for new trial which was overruled, whereupon appellants appealed to this court. The overruling of said motion for new trial is the only assigned error relied upon for a reversal.

The grounds for a new trial stated in the motion, which are discussed in appellant's brief are: (1) the verdict is contrary to law; (2) the verdict is not sustained by sufficient evidence; (3) the court erred in giving each of the instructions numbered five and twelve; (4) the court erred in admitting a certain drawing as evidence over objection of appellants.

These grounds will be discussed in the order named.

To support their contentions that the verdict was contrary to law, and that the verdict was not sustained by sufficient evidence, appellants cite a portion of Section 10154, Burns Supp. 1929, which reads as follows:

"Motor vehicles and motor bicycles operated by municipal police and fire departments, motor vehicles used in transporting the United States mails, and *ambulances shall have the right of way over all other motor vehicles, motor bicycles and other vehicles.*"

Appellants contend that by virtue of this statute their ambulance was in a place "where it had a right to be" when it was struck by the automobile driven by Cora A. Williams, and therefore no fault can be attributed to the driver of the ambulance, and therefore the verdict was not sustained by sufficient evidence, and was contrary to law.

To follow this contention to its logical conclusion we would have to hold that said statute clothed appellants with immunity from liability for collisions of their ambulance with other vehicles in traffic. Said statute does not do that, it merely gives ambulances and other specified vehicles preference. It does not remove from the drivers the obligation of exercising such care, in operating said vehicles, as ordinary prudent men would use under the circumstances; on the contrary, drivers of such vehicles must use due care in the operation of such vehicles, *and* in the exercising of the preference given to such vehicles by the statute. *Blasengym* v. *Gen. Acc., etc., Corp.* (1929), 89 Ind. App. 524, 165 N. E. 262; *Wolf* v. *Vehling* (1922), 79 Ind. App. 221, 137 N. E. 713.

We think appellants have misconstrued the phrase "contrary to law," as they have applied it to the verdict in this case. They do not contend that the verdict or finding, *in its general scope,* is contrary to law, but merely contend that the verdict is contrary to law because said statute clothed appellants with immunity from liability. They have ignored the law of negligence as it applied to them in this case.

A verdict is "contrary to law," in the sense that a new trial should be granted for the reason that it is contrary to law, "when *in its general scope and meaning,* it is contrary to the principles of law applicable to the case, and not merely defective in some particular." *Anderson* v. *Donnell et al.* (1879), 66 Ind. 150, 160; Watson's Works Practice and Forms Sec. 1996. In the case

of *The Louisville, etc., Ry. Co.* v. *Renicker* (1893), 8 Ind. App. 404, 35 N. E. 1047, and in the case of *Phenix Ins. Co. v. Rogers et al.* (1894), 11 Ind. App. 72, 38 N. E. 865, 869, this court quotes with approval from Buskirk's Practice, as follows: "A motion for a new trial on the ground that the verdict or decision is contrary to law is somewhat in the nature of a demurrer to the evidence. It admits all the evidence given upon the trial, but says that, as the verdict or decision based upon such evidence is contrary to the general principles of the law applicable to the issues involved, judgment should not be rendered thereon."

We hold in accordance with the above quoted statements, that a contention that a verdict is contrary to law, is in effect a contention that if the general principles of law applicable to the evidence in this case, be applied, a different conclusion will necessarily be reached. We do not think that the application of the general principles of law applicable to this case, when applied to the evidence in this case, forces a different conclusion than was reached by the jury, hence we hold that the judgment in this case should not be reversed on the ground that the verdict is contrary to law.

There is some evidence which tends to prove the charges of negligence on the part of appellants, and all other necessary allegations of the complaint. This court will not reverse the judgment in such cases on the ground of insufficiency of evidence to sustain the verdict. This court will not weigh the evidence with a view of determining how it preponderates, and make the reversal or affirmance of the case hinge on the preponderance of the evidence as this court finds it to be. This court will not disturb the determination of the jury as to the preponderance of the evidence.

Appellants complain of Instructions No. 5 and No. 12 given to the jury. Instruction No. 12 was as follows:

"So gentlemen, in this case you are instructed that although the driver of the ambulance was not required to stop as he was approaching or crossing Lincoln Avenue, providing you find he was answering a call as set out in Section 3 of the above ordinance, however, he must use ordinary care and prudence in driving his vehicle to avoid collision with other vehicles which may be at the same time using the highway. The driver of an ambulance must keep his motor vehicle under control and when reasonably possible, avoid collision with other vehicles on the streets or highways.

*"The operator of an ambulance does not have the right to run into or damage another vehicle even though the other party had unlawfully or inadvertently interferred with the ambulance,* but it would be the duty of the driver of the ambulance in that event to use such care and control as he reasonably could to avoid collision, such care as a reasonably careful and prudent man would use under the same or similar circumstances. If he used such care on such occasion and could not avoid collision, then he would not be responsible therefor."

Appellant contends that the uncontradicted evidence was that the automobile of appellee Cora A. Williams ran into appellant's ambulance, and that said instruction is inapplicable to the evidence, and misleading, inasmuch as it refers to an ambulance running into another vehicle.

Instructions must be considered and construed as a whole, and not in detached parts, and if, when so construed, the law has been fairly and clearly presented to the jury, it will not be presumed that the jury was misled, even though one or more instructions, or part, or parts of an instruction, when considered alone, and unqualified by the other instructions, is or are erroneous.

We think and hold that the part of said instruction, of which appellant complains, and which we have italicized in this opinion, is qualified by the balance of said instruction, and other instructions given by the court, so as to

avoid the contention that the jury was misled by it.

A similar objection is made to Instruction No. 5. We hold that the instructions given in this case when considered as a whole did fairly and clearly present the law applicable thereto.

Appellees were permitted to introduce in evidence a drawing of the street intersection at which the collision occurred. The substance of the objection to its admission, which was made at the time of its offer, was that the drawing showed the collision to have occurred near the center of the intersection, while the uncontradicted evidence was that the collision occurred when the front three-fourths of the ambulance had crossed the south line of Lincoln Avenue. Appellants did not state in their motion for new trial the objections made to the admission of the drawing in evidence, at the time it was offered in evidence, nor the substance thereof, nor did they state the ruling of the court on said objections, nor did they state the exception taken. All the foregoing must be stated in a motion for new trial based on the admission in evidence of an exhibit.

The reason for this rule is to give to the trial court a further opportunity to consider and correct its rulings, without reviewing and searching the record for all matters which had a bearing thereon. *Kenwood Tire Co.* v *.Speckman* (1930), 92 Ind. App. 419, 176 N. E. 29. Appellants having failed to state in their motion for new trial, any reasons why said drawing should not have been admitted as evidence, failed to present the question, in the motion for new trial. The question not having been presented by the motion for new trial, the trial court did not consider it, and this court does not have the question before it for review.

No reversible error having been shown the judgment of the lower court is affirmed.