## BAKER *v.* PRITCHARD.

[No. 14,867.   Filed March 27, 1935.   Rehearing denied June 27, 1935.]

510

*Harry D. Hatfield,* and *Charles Harding,* for appellant.

CURTIS, J.—This is an appeal from a judgment of the Montgomery Circuit Court against the appellant on her complaint consisting of two paragraphs filed in said court, asking for a judgment against the appellee for alleged personal injuries sustained by the appellant growing out of an automobile collision at the intersection of State Highway 234, and a county road or township road in Montgomery County, Indiana, commonly called the Miles road. To each paragraph of the complaint the appellee filed a general denial. The cause was submitted to a jury for trial, resulting in a verdict for the appellees. The judgment of the court followed the verdict. Along with the verdict the jury returned its answer to the one interrogatory submitted to it.

The appellant seasonably filed her motion for a new trial which was overruled with an exception and this appeal prayed and perfected.

The errors assigned and relied upon for reversal are that the court erred in overruling the motion of the appellant for a new trial and error in overruling her motion for judgment on the answer of the jury to the interrogatory, which was submitted by the appellee.

. The one interrogatory and the answer thereto are

as follows: "Had the defendant's car stopped at the time of the collision of the cars in question? Answer, No."

The motion for a new trial contains 39 causes or grounds, which the appellant has grouped in her brief into five groups denominated by her as groups A, B, C, D, and E. Under her group A she has discussed the proposition that the verdict is not sustained by sufficient evidence. Group B is devoted to the proposition that the verdict of the jury is contrary to law. Under Group C she attempts to present the following: "Irregularity in the proceedings of the court by which the plaintiff was prevented from having a fair and impartial trial." Group D relates to alleged misconduct of the prevailing party, and Group E is stated by her to be "errors of law occurring at the trial and excepted to by plaintiff." Under Group F the appellant seeks to present the alleged error in the refusal of the court to sustain the appellant's motion for judgment on the said interrogatory heretofore set out.

It is earnestly insisted by the appellee that the appellant in her 657 pages of brief has presented no question for review due to defective briefing. While there is much merit in the appellee's contention yet we have concluded to give the appellant the benefit of what is commonly known as the "good faith attempt" rule and to consider the case upon its merits.

We have carefully read the evidence. In our opinion it is ample to sustain the verdict of the jury. There was evidence which the jury had the right to believe that would strongly tend to show that the appellee was driving his automobile north on a country road and that as he approached the intersection of said road with the east and west main highway, number 234, which was a stop crossing for him at the place of the accident he stopped about 15 to 18

feet south of the crossing and looked in each direction, both east and west, and saw no one approaching and then proceeded north, shifting his car into second gear, and drove slowly into the south part of the crossing where he again looked in each direction and saw the car in which the appellant was riding approaching from the west at about 60 miles per hour; that he then stopped again and turned his front wheels in a northeasterly direction in an attempt to avoid the collision; that the car in which the appellant was riding struck the left front wheel and left fender of appellee's car and in proceeding forward tore the bumper off the appellee's car and passed on a distance of 30 to 35 feet and upset in the ditch after first turning over on its left side, then on its top and then on its right side landing at the place it stopped, partially in the ditch and partly on the shoulder of the road and headed in a southeasterly direction; that the appellee's car was only slightly damaged; that the radiator and front lights were not injured and no glass broken and that the front bumper on his car was pulled off and not pushed backward. We think that there was not only some evidence, but an abundance of evidence from which the jury could conclude, as it evidently did conclude, that no negligence on the part of the appellee was shown.

It is also urged by the appellant that there was misconduct of the prevailing party and also that there were irregularities occurring at the trial, prejudicial to her. We have discovered none. The main contentions of the appellant in these regards is based upon certain items of evidence which the appellant says were erroneously admitted over her objections. But a reading of the record shows that the jury was instructed by the court at the request of the appellant to disregard such evidence. The ruling of the court in that

respect was not adverse to the appellant and she therefore cannot complain. No error as to the admission or rejection of evidence has been shown that was not fully covered by the above action of the court. There is no place in the record where any request on the part of the appellant was made to the trial court to withdraw the submission of the cause from the jury on account of any of the alleged matters either as to improper evidence admitted or as to the alleged misconduct of the prevailing party. All of these alleged irregularities occurred long before the case went to the jury and were fully known by the appellant. Under the circumstances she is in no position to complain, for if she thought irreparable injury had been done her she must then have given the trial court, by proper motion, the opportunity to correct the alleged wrong by withdrawing the submission. She made no such request and took no other appropriate steps. See *The Chicago National Life Insurance Company and Gary National Life Insurance Company* v. *Sophia Sollman, Guardian* (1934), 99 Ind. App. 86, 187 N. E. 686 and the cases cited therein.

Complaint is made concerning some of the instructions. They are not all models but on the whole we think the jury was fully and fairly instructed. The issues were somewhat simple and the evidence not complicated. The court gave 62 instructions to the jury. It occurs to us that the jury was overinstructed but that cause alone is not sufficient to require a reversal. We do not believe the jury was confused or misled to the prejudice of the appellant. There is a further complaint as to the instructions in that the court refused to give one on the doctrine of last clear chance. The doctrine of last clear chance applies where the injured person has by his own negligence placed himself in a place of peril which becomes known to the

one who injures him and who could have avoided the injury by due care after he knew of the peril. It is the negligent failure to avoid a discovered peril under the conditions set out above that gives rise to the application of the rule of last clear chance. Neither the issues nor the evidence in the instant case present any such a situation. The instruction was therefore correctly refused.

The appellant asks us to reverse the judgment upon the ground that the trial court erred in refusing to give her judgment upon the answer to the one interrogatory, notwithstanding the general verdict against her. She contends that the answer is in conflict with the general verdict. We have heretofore set out the interrogatory and the answer. As we view it there is no conflict whatever, much less such an irreconcilable conflict as to require that the general verdict be set aside.

The appellant also contends that the verdict of the jury is contrary to law. The general definitions of a verdict that is contrary to law have been gathered together in the somewhat recent case of *Marion County Construction Company* v. *Kimerlin* (1933), 96 Ind. App. 145, 184 N. E. 574; see also, *Ellsworth* v. *State* (1932), 203 Ind. 307, 189 N. E. 287; *Gaines* v. *Taylor* (1933), 96 Ind. App. 378, 185 N. E. 297. As applied to the statute on new trial we think the phrase "contrary to law" is understood in general terms to mean contrary to the principles of law applicable to the particular case. Applying the principles of law laid down herein and in the above cases to the instant case, we have discovered nothing to convince us that the verdict is contrary to law.

We have found no reversible error. Judgment affirmed.