## CLARK v. CORBLY

[No. 18,333. Filed February 2, 1953. Rehearing denied March 12, 1953. Transfer denied April 23, 1953.]

*Stevenson & Kendall* and *Stevenson & Stevenson* of Danville and *Harding & Harding,* of Crawfordsville, for appellant.

*George W. Hadley,* of Danville, and *Russell J. Richardson* and *Richardson & Burns,* of Lebanon, for appellee.

KELLEY, J.—Appellee filed his complaint in one paragraph in the Montgomery Circuit Court on February 23, 1950, naming appellant as the defendant. Appellant appeared and thereafter the venue of the cause was changed to the Hendricks Circuit Court, wherein appellant answered in two paragraphs and appellee replied, closing the issues.

The cause was tried by the court, without jury, and the court found for the appellee on his complaint and rendered judgment in his favor and against appellant for $1407.24, and the costs of the action.

Appellant filed his motion for a new trial which was overruled by the court, and this appeal followed.

The only error assigned is that the court erred in overruling appellant's motion for a new trial. The speci-

fications in the motion for a new trial are: (1) The finding of the court is not sustained by sufficient evidence, and (2) The finding of the court is contrary to law.

Appellee's complaint, in substance, alleges: that during the times mentioned in the complaint he was a real estate broker; that on or about March 23, 1948, he effected a sale of the real estate described in the complaint, then owned by appellant, under the terms of a written contract entered into on said date between appellant, as seller, and one Eldo Myers, as buyer, for a consideration of $46,908.00; that by the terms of said written contract, the appellant undertook and agreed as follows:

> "It is further understood and agreed that said Clark will pay to Ross Corbly, real estate broker, for his services in effecting this sale the sum of $435.00 plus 3 per cent of the total consideration to be paid for said real estate under this contract, said commissions to be paid on or before January 1, 1949,"

that said sum of $435.00 has been paid in full; that said real estate was sold through the efforts of the appellee; that on January 1, 1949, his commission of $1407.24 became due but appellant refused to pay the same after repeated demands.

Appellant's answer alleged considerable matter in defense, but as most of such matter has been waived or abandoned and not made a point at issue, the whole answer comes down to the averments: that appellee and one Charles Ward brought about the sale for the benefit of the appellant; that appellee and Ward were to share equally in the commission; that there was a "clear understanding" on the part of appellant and said brokers that if the sale "did not carry through as agreed in the

contract," no compensation would be paid to appellee or Ward; that Myers was "unable to complete his purchase, and has wholly cancelled and rescinded the purchase agreement," with the result that there is no obligation of appellant to pay appellee anything. The evidence shows that Myers paid $3000.00 on the purchase price, failed to make further payment, and appellant repossessed the land.

The court was not requested to make, nor did it make special findings of fact and conclusions of law thereon, but it did find "for the plaintiff" (appellee) on his complaint, and "against the defendant" (appellant) on his answer in two paragraphs. This finding is supported by the evidence and there is no further question concerning Ward's interest in the matter, as alleged in appellant's answer.

Was the finding contrary to law? The phrase "contrary to law," as used in the statute pertaining to the grounds for a new trial, means contrary to the principles of law applicable to the particular case. *Gaines* v. *Taylor* (1933), 96 Ind. App. 378, 381, 185 N. E. 297; *Baker* v. *Pritchard* (1935), 100 Ind. App. 509, 514, 194 N. E. 781; *Coates* v. *Veedersburg State Bank* (1942), 219 Ind. 675, 679, 38 N. E. 2d 243. A finding for the plaintiff, where the evidence does not support the theory of the complaint is contrary to law. *The Equitable Accident Insurance Company* v. *Stout, et al.*, (1893), 135 Ind. 444, 457, 33 N. E. 623; *Louisville, etc., Railway Co.* v. *Pernicker* (1893), 8 Ind. App. 404, 413, 415, 416, 35 N. E. 1047.

The theory of appellee's complaint is the breach by the appellant of the specific clause, above quoted; contained in the written contract between appellant and Myers. Said clause is incorporated in a contract between two parties, viz: appellant and Myers, for the benefit

of a third, viz: the appellee. The contract was admitted into evidence without objection and no fraud or improper action by the appellee, for whose benefit the clause was incorporated, is counted upon, nor is there any question raised under the Statute of Frauds.

Indiana adheres to the rule that where a contract is executed for the benefit of a third person, the latter may maintain an action thereon. *Miller* v. *Farr* (1912), 178 Ind. 36, 38, 39, 98 N. E. 805; *Ferris* v. *American Brewing Co.* (1900), 155 Ind. 539, 58 N. E. 701, 52 L. R. A. 305; *Ransdel* v. *Moore* (1899), 153 Ind. 393, 53 N. E. 767, 53 L. R. A. 753; 81 A. L. R. 1279n (majority rule).

Appellant's defense against the alleged breach of said contract is that Myers did not make the payments becoming due under said contract, other than said original payment of $3000.00, but, on the contrary, he "cancelled and rescinded" the purchase agreement, and therefore no sale was effected and appellant owes appellee nothing.

Such assertion by the appellant amounts to an attempt by him to change or modify the certain written terms of his said contract. The said clause of said contract is definite, certain, and specific. It acknowledges the rendition of services by appellee for the appellant "in effecting *this* sale," it fixes his compensation definitely at "3 per cent of the total consideration to be paid for said real estate" under the contract, viz: $46,908.00, and the time of payment of said commission to appellee is "on or before January 1, 1949." (Our emphasis.) Thus it appears that the appellant himself and Myers, the purchaser, regarded the transaction as a sale and fixed appellee's commission for effecting the same on the basis of the purchaser's total obligation under the contract payable on a certain date without regard to a default in its terms. No subsequent written

or oral agreement between appellant and appellee changing, modifying, or in any way affecting said portion of said contract, as written and executed, is shown by the evidence. Nor is there any contention that said agreement has been in any wise altered.

The contract entered into by appellant and Myers was mutually obligatory on appellant, as vendor, and Myers, as vendee, and was brought about through the efforts of the appellee. For the latter's services in that behalf, appellant agreed, in writing, to pay him a definite commission by a certain time. He failed to do so. The theory of appellee's complaint was that appellant had breached his said agreement and that appellee should recover the amount of his commission as fixed therein. The evidence supported this theory of the complaint and, therefore, the finding of the court was not contrary to law.

See, as to broker's right to recover on contract between seller and purchaser which makes provision for his commission: *Andrews* v. *Peters* (1924), 82 Ind. App. 200, 202, 203, 145 N. E. 579; *Miller* v. *Farr* (1912), 178 Ind. 36, 39 (Pt. 4), 98 N. E. 805; *Waddle* v. *Smith* (1914), 58 Ind. App. 587, 591, 108 N. E. 537; *Love, et al.* v. *Miller, et al.* (1876), 53 Ind. 294, 300; *McFarland* v. *Lillard* (1891), 2 Ind. App. 160, 163, 28 N. E. 229; *Simmons* v. *Libbey* (1949), 53 N. M. 362, 208 P. 2d 1070, 12 A. L. R. 2d 1404, 1409, headnote 3.

Judgment affirmed.

Kendall, J., not participating.

NOTE.—Reported in 110 N. E. 2d 302.