## DRAKE v. BIDDINGER.

[No. 4,056. Filed January 27, 1903.]

BROKERS.—*Commission.—Evidence.*—A real estate broker recovered a judgment for commission on a contract in which the owner agreed to pay a commission for finding a purchaser for his farm at $65 per acre, $2,000 to be paid in cash, and balance on terms satisfactory to the owner. The evidence showed that the owner priced the land to the buyer, produced by the agent, at $75 per acre, and that nothing was said about any other price until after the terms of payment had been agreed upon, when the purchaser said he would take the land at $65 an acre on those terms, and the offer was rejected by the owner. *Held*, that there was no evidence to show that the minds of the contracting parties met upon any terms or conditions as applied to deferred payments, upon a basis of $65 an acre, and that plaintiff was not entitled to recover.

From Fulton Circuit Court; *A. C. Capron*, Judge.

Action by Peter Biddinger against Hezekiah S. Drake for brokerage commission. From a judgment for plaintiff, defendant appeals. *Reversed.*

*C. C. Campbell, M. L. Esssick* and *O. F. Montgomery*, for appellant.

*Harry Barnetha*, for appellee.

HENLEY, J.—This was an action by appellee, a real estate agent, to recover a commission for the sale of real estate. His contract with appellant was as follows: "Rochester, Indiana, July 27, 1899. The undersigned hereby places in the hands of Peter Biddinger, real estate agent, for sale, the following described lands: The south half of the southwest quarter of the southeast quarter of section sixteen; also ninety-five acres off of the south side of the northeast quarter of section twenty-one, all in township

thirty, range three east, containing in all 115½ acres in Fulton county, Indiana, ninety-five acres being of uniform width. And agrees to pay three per cent. commission for finding a purchaser therefor for cash on the following terms at $65 per acre,—$2,000 to be paid down, balance on terms satisfactory to undersigned. It is agreed between the parties that said Biddinger shall have exclusive rights of sale of said land for six months from this date, and thereafter until canceled by the undersigned. Should the owner of said lands make or accept terms and price differing from these expressed herein during the existence of this contract, it is agreed that such change shall not in any wise affect Biddinger's claim for commission. [Signed] H. S. Drake."

It is averred in appellee's complaint that appellant was the owner of real estate heretofore described at the time of the execution of the contract; that he is still the owner of the same; that on the 10th day of February, 1900, appellee found a purchaser for said real estate in the person of one George Clinger, who was ready, able, and willing to purchase said real estate, and pay therefor the sum of $65 per acre, and to pay $2,000 cash, and was able and willing to arrange to pay the balance of the purchase money on terms satisfactory to appellant; that appellant then and there notified appellee that he refused to sell said real estate. The three paragraphs of complaint are based upon the same facts. Appellant's answer was a general denial. The trial was by a jury. There was a verdict for appellee in the sum of $225.21. Appellant's motion for a new trial was overruled, and judgment was entered for the amount of the verdict.

The only question presented by this appeal is upon the assignment of error that the trial court erred in overruling the motion for a new trial. Counsel for appellant argue under this assignment that there is no evidence to sustain the verdict of the jury upon the material question in the case. If there is any evidence in the record to prove that

Drake *v.* Biddinger.

appellee furnished a purchaser for appellant's land who was ready, able, and willing to make the purchase at $65 per acre, and who was ready to pay $2,000 cash, and arrange the deferred payment as to amounts, time, and interest satisfactory to appellant, then this court will not disturb the verdict.

A brief resume of the evidence shows that appellant priced his land to the prospective purchaser produced by appellee at $75 per acre; that nothing was said about any other price until after the terms of the payment had been agreed upon, when the prospective purchaser informed appellant that he would take the land at $65 per acre on those terms. His offer was refused by appellant, who left the room, and the meeting came to an end. This covers the whole scope of the evidence, and every inference properly deducible from it. There is no evidence to show that the minds of the contracting parties met upon any terms or conditions, as applied to the deferred payments, upon a basis of $65 per acre. "Assent necessarily implies a meeting of the minds of all contracting parties, a coming together upon the common ground of a mutual understanding of facts and of subject-matter. Until all understand alike, there can be no assent, and, therefore, no contract." 7 Am. & Eng. Ency. Law (2d ed.), 113. The evidence does not show such a condition existing in the mind of the appellant in this case as amounts to assenting to the proposed terms of the deferred payments, which, under the conditions of the contract, must be made to his satisfaction. The motion for a new trial ought to have been sustained.

Judgment reversed, with instructions to the trial court to sustain the motion for a new trial.