## WILLIAMS ET AL. *v.* FRAKER.

[No. 10,682.    Filed January 14, 1921.    Rehearing denied April 6, 1921.]

BROKERS.—*Contract for Commissions.—Compliance.—Furnishing Buyer who Executes Contract of Purchase.*—Where a land-owner entered into a contract to pay a broker a commission for furnishing a buyer "who will pay" an agreed price for the land involved, the broker could recover his commission where he procured a buyer who entered into a valid and enforceable contract for the purchase of the land, which was accepted by the owner, without showing that the purchaser was able, ready and willing to pay the agreed price, as he would be required to do if the owner had refused to enter into a contract of sale which the buyer furnished.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by Andrew J. Williams and another against Clarence T. Fraker.    From a judgment for defendant, the plaintiffs appeal.    *Reversed.*

*Elmer Bassett* and *A. E. Lisher,* for appellants.
*Hall, Williams & Pell,* for appellee.

NICHOLS, J.—Appellants sued appellee upon a commission contract for the sale of appellee's real estate, the substantial condition of which contract, so far as concerns this appeal, was that appellee agreed to pay a commission of two per cent. to appellants to "furnish a buyer who will pay the above price or any price agreed upon between the parties."

It is averred in the complaint that pursuant to the terms of the contract appellants did furnish a purchaser for appellee's lands with whom appellee entered into a written contract for the purchase and sale of appellee's real estate at a price agreed upon.    The validity of the commission contract or of the contract of sale is not in any manner challenged.

A demurrer to appellants' complaint was sustained

by the court and this ruling of the court is assigned as the only error.

Appellee contends that by the terms of the commission contract appellants were to find a purchaser "who will pay" the absence of such averment from the complaint makes it bad as against demurrer, as it is clear that the parties intended appellants to find a purchaser able, ready and willing to pay a stipulated price before they were entitled to the commission. Had appellants furnished a buyer at the price stipulated and thereupon appellee had refused to enter into a contract of sale with such purchaser there would be merit in appellee's contention. Under such circumstances, before appellant could recover the commission agreed upon it would be necessary for them to aver and prove that they had furnished a purchaser who was ready, willing and able to pay the stipulated price. But in this case appellants furnished a purchaser, who was accepted by appellee and with whom appellee entered into a valid and enforceable contract of sale. The sale was completed so far as appellants were concerned. They had performed the services which they had agreed to perform and appellee by entering into the contract of sale had accepted the purchaser furnished as "one who was ready, and willing to pay."

In *Shelton* v. *Lundin* (1910), 45 Ind. App. 172, 90 N. E. 387, it is held that when a broker who has property for sale or exchange is instrumental in bringing the owner of the property and the purchaser together and an exchange or sale is effected by the parties in interest, he is entitled to his commission.

In *Waddle* v. *Smith* (1915), 58 Ind. App. 587, 108 N. E. 537, the rule is thus stated: "When the broker has effected a bargain and sale, by contract which is mutually obligatory on the vendor and vendee he is entitled to his commission." And then the court gives a

definition of a consummated sale to be "one consummated by 'such a contract as will be enforced in the courts, if enforcement be demanded.'" To the same effect see *Micks* v. *Stevenson* (1898), 22 Ind. App. 475, 51 N. E. 492; *Love* v. *Miller* (1876), 53 Ind. 294, 300, 21 Am. Rep. 192.

The judgment is reversed, with instructions to the trial court to overrule the demurrer to appellants' complaint.