## McKenna v. Smith et al.

[No. 11,031.    Filed January 12, 1922.]

1. APPEAL.—*Questions Presented.—Denial of Temporary Injunction.—Failure to Incorporate Evidence in Record.*—Where appellant failed to make the evidence a part of the record, no question is presented as to alleged error of the trial court in denying him a temporary injunction, and in dissolving a temporary restraining order after notice was given and a hearing had. p. 375.

2. FRAUDS, STATUTE OF.—*Applicability.—Contracts for the Sale of Real Estate.*—Under §7462 Burns 1914, §4904 R. S. 1881, a contract for the sale of real estate, to be enforceable, must be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized. p. 375.

3. SPECIFIC PERFORMANCE.—*Contract for Sale of Real Estate.—Description.—Parol Evidence.—Admissibility.*—In an action for the specific performance of a contract for the sale of real estate which was incorrectly described as regards the city in which it was situated, where the complaint alleged that the error in description was due to mistake, but did not seek reformation of the contract, *held* that parol evidence was not admissible to establish the facts alleged with reference to the mistake in description. pp. 376, 377.

4. EVIDENCE.—*Contracts for Sale of Real Estate.—Incomplete Description.—Parol Evidence.—Admissibility.*—Parol evidence may be received to complete a description and identify property covered by a contract of sale where the description given is consistent, but incomplete, but will not be received where such completion would require a contradiction or alteration of the description given, or the introduction of a new one. p. 376.

5. FRAUDS, STATUTE OF.—*Contract for Sale of Real Estate.—Failure to Allege Written Contract.—Presumption.—Enforcement.*—Where, in an action for the specific performance of a contract for the sale of real estate, the complaint does not allege that the contract was in writing, it is presumed that it was in parol, and specific performance cannot be enforced in the absence of allegations taking the contract out of §7462 Burns 1914, §4904 R. S. 1881. p. 377.

Fróm Lake Superior Court; Virgil S. Reiter, Judge.

Action by Barney McKenna against Harry M. Smith

and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*T. Joseph Sullivan,* for appellant.

*Roy E. Green* and *L. D. Hall,* for appellees.

BATMAN, P. J.—Appellant instituted this action to obtain a decree of specific performance based on an alleged contract for the sale of real estate. Subsequently he filed a petition for injunctive relief, on which a restraining order was issued without notice. After notice had been given, issues were joined on said petition and a hearing was had thereon, resulting in a denial of a temporary injunction, and a dissolution of the restraining order theretofore issued. Appellant thereupon filed an amended complaint in three paragraphs, asking a decree of specific performance based on said alleged contract of sale. The first paragraph alleges, in substance, among other things, that on September 11, 1920, appellee Smith, was the owner of lots 22 and 23 of Lauritzen's subdivision of lot 6, otherwise known as No. 1204 Myrtle avenue in the city of Hammond, Indiana; that on said day said appellee sold said real estate to him for the sum of $3,300, and accepted from him $100 on the purchase price thereof; that said contract of sale was in writing and reads as follows:

"Whiting, Ind., Sept. 11, 1920.
Received of Barney McKenna one hundred dollars ($100.00), as part purchase price on property at 1204 Myrtle Ave., Whiting, Ind. Balance $3200.00.
Harry M. Smith, By H. E. Rowe, Agt."

That by mistake and inadvertence of the scrivener who wrote said contract, the word Whiting was used in both the date line and body thereof, instead of the word Hammond; that it was then and there the intention of the parties that said contract should evidence a sale of the above described real estate situated in Hammond, Indi-

ana, to appellant, and that the same should be conveyed to him in pursuance thereof; that the part of Hammond in which the above described real estate is located adjoins the city of Whiting, and is two or three miles from the main portion of the former; that because of such fact, that portion of Hammond in which said real estate is located is commonly considered as being in Whiting; that the residents of said portion of Hammond receive their mail through the carriers from the post office at Whiting, to which it is addressed; that none of the appellees own any property at 1204 Myrtle avenue in Whiting, and in fact there is no avenue or street by that name in said city; that in common parlance among the residents of Whiting, and that part of Hammond in which said real estate is located, and by common consent and usage, the names Whiting and Hammond are used interchangeably; that both of the parties to said contract intended that it should describe the house and lot located at No. 1204 Myrtle avenue in said city of Hammond, and that thereby, appellee Smith, should sell, and appellant should purchase the same, but by their mutual mistake the name Whiting was inserted in said contract instead of the name Hammond. Said paragraph concludes with formal allegations as to performance, tender, and demand on the part of appellant, and as to a breach of said contract on the part of appellee Smith, and with a charge that the remaining appellees were claiming some interest in said real estate, which they were asked to assert. The prayer asked for a decree of specific performance of said contract.

The second paragraph of amended complaint contains substantially the same allegations as the first paragraph, except that it alleges that appellees Hosteller and Hosteller, instead of appellee Smith, were the owners of said real estate; that said owners appointed said Smith as their agent to sell the same for the sum of $3,300,

and that said Smith, with the knowledge and consent of said owners and by their authority, appointed one H. E. Rowe, the tenant of said real estate, as his agent in making said sale. Said paragraph further alleges that appellees connived together and conspired to prevent and avoid the fulfillment of said contract, and thereby to defraud him of his rights in said real estate. The details of the alleged fraudulent acts of the several appellees are set out but we find it unnecessary to state them here. The prayer asks that specific performance of his said contract be decreed, together with other relief.

The third paragraph of amended complaint is based on a contract for the sale of the real estate described in both the first and second paragraphs, and is substantially the same as the latter, except that it does not allege that the contract is in writing, and makes no reference to any mistake in the use of the name Whiting instead of the name Hammond. The prayer asks the same relief as the second paragraph. A demurrer was filed to each of said paragraphs of complaint for want of facts which was sustained. Appellant refused to plead further, and thereupon judgment was rendered against him. This appeal followed.

Appellant contends that the court erred in refusing to grant him a temporary injunction, and in dissolving the restraining order after notice was given and 1, 2. a hearing had. As appellant has not made the evidence submitted a part of the record, no question is presented with reference to the rulings named. The only other error assigned is based on the action of the court in sustaining the separate and several demurrer of appellees to each paragraph of the amended complaint. It will be observed that each of said paragraphs seeks to have the court decree the specific performance of an alleged contract for the sale of real estate. In order for such a contract to be enforceable, it

must "be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized." §7462 Burns 1914, §4904 R. S. 1881. A question has been raised as to the sufficiency of the receipt, made a part of the first and second paragraphs of the amended complaint to comply with said section of the statute, the contention being that the description is too vague and indefinite for such purpose, and does not show whether the property intended was real or personal. The case of Ross v. Allen (1891), 45 Kan. 231, 25 Pac. 570, 10 L. R. A. 835 is cited in support of such contention. However we need not pass upon that question, but will assume for the purpose of this decision, that the description in said receipt refers to real estate, and is sufficient to comply with the section of the statute cited.

Appellant by the first two paragraphs of the amended complaint seeks a decree of specific performance relating to real estate in the city of Hammond, Indiana, based on a written contract describing real estate in Whiting, Indiana. He recognized that ordinarily this cannot be done, and therefore alleged in each of said paragraphs certain facts which he claims would give him the right to introduce parol evidence to show that a mistake was made in the preparation of the contract and what real estate the parties intended should be described therein, and thereby have the court describe in its decree, real estate different from that described in the contract. The facts alleged, however, would not give appellant any such right. While it is well settled that parol evidence may be received 4. under certain circumstances to complete a description and identify the property, where the description given is consistent, but incomplete, it -is equally well settled that such evidence will not be received where such completion would require a contra-

diction or alteration of the description given, or the introduction of a new one. *Baldwin* v. *Kerlin* (1874), 46 Ind. 426; *Ames* v. *Ames* (1910), 46 Ind. App. 597, 91 N. E. 509; *Koons* v. *Burkhart* (1918), 68 Ind. App. 30, 119 N. E. 820; *Weaver* v. *Shipley* (1891), 127 Ind. 526, 27 N. E. 146; *Tewksbury* v. *Howard* (1894), 138 Ind. 103, 37 N. E. 355; *Howard* v. *Adkins* (1906), 167 Ind. 184, 78 N. E. 665; *Warner* v. *Marshall* (1905), 166 Ind. 88, 75 N. E. 582. To permit appellant to introduce parol evidence to establish the facts alleged with reference to a mistake in the description, and, without a reformation of the contract, which is not sought, thereby secure a decree of specific performance, describing real estate in the city of Hammond, Indiana, instead of Whiting, Indiana, as stated in the contract on which this action is based, would be a plain violation of the rule last stated, as it would introduce substantially a new description which would clearly contradict the one given. As appellant could not recover on either of said paragraphs without the introduction of such evidence, we hold that the demurrer thereto was properly sustained.

Appellant does not allege in the third paragraph of his amended complaint, that the contract for the sale of said real estate was in writing, and therefore we must presume that it was in parol. *Horner* v. *McConnell* (1902), 158 Ind. 280, 63 N. E. 472. This being true, specific performance cannot be enforced as no facts are alleged which would take the same out of the statute of frauds. Therefore there was no error in sustaining the demurrer thereto. No reversible error being shown, the judgment is affirmed.