HUTCHINSON *v.* BORUM.

[No. 11,255. Filed April 21, 1922.]

1. BROKERS.— *Real Estate Brokers.— Commission Contracts.— Requisites.—Description of Realty.*—Under §7463 Burns 1914, Acts 1913 p. 638, providing that any general reference in a contract with a broker for the sale of realty shall be deemed a sufficient description of the realty if it is sufficient to identify it, the description must be sufficient to furnish the identification without the aid of parol evidence.   p. 216.

2. BROKERS.—*Real Estate Brokers.—Commission Contracts.— Validity.— Description of Realty.— Sufficiency.—Statutes.*—A contract to pay a commission for the sale of property from which it does not clearly appear whether the property to be sold was real or personal, and whether the number of which it is designated referred to a number on the building or in the city directory, or whether the building alone or the ground also was to be sold, is invalid under §7463 Burns 1914, Acts 1913 p. 638, the description contained therein not affording a sufficient description of the property involved to identify it.   p. 217.

3. BROKERS. — *Real Estate Brokers.—Contracts for Sale of Realty.—Obligation of Broker.*—A contract authorizing a real estate broker to sell property at an agreed price or at any other price the owner would agree to accept can be performed by the broker by effecting an absolute sale or producing some one willing, able and ready to pay the price specified or any other price the owner agrees to accept. p. 218.

From Marion Superior Court (A11,008) ; *Theophilus J. Moll,* Judge.

Action Joseph A. Borum against Henry A. Hutchinson. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*C. E. Fenstermacher,* for appellant.
*Fitzpatrick & Fitzpatrick,* for appellee.

DAUSMAN, C. J.—This action was instituted by Borum to recover a commission alleged to be due him from Hutchinson for selling the latter's real estate. The court made a general finding for the plaintiff in the sum of $240 and rendered judgment accordingly. The only error assigned which can be recognized is the action of the court in overruling the motion for a new trial.

Borum is a real estate broker and he claims the right to recover a commission by virtue of the following instrument in writing, prepared by Borum and signed by Hutchinson:

"Indianapolis, Indiana, Oct. 26, 1920.
"J. H. Borum, As Agent, City.
Dear Sir:
I authorize you to sell $9500 dollars cash for my property. I am the owner of property located at 549 East Drive Woodruff Place, Marion County, Indiana, and agree to furnish an abstract and warranty deed, showing a good merchantable title and I agree to pay to J H Borum agent the regular commission—5 per cent. on first $5000 and 3 per cent. on balance named, or any other price I shall agree to accept.
H. A. Hutcheson."

In the year 1901, the legislature enacted a statute which declares that no contract for the payment of a commission "for the finding or procuring, by one person, of a purchaser for the real estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate * * *" §7463 Burns 1914, Acts 1913 p. 638. The courts immediately recognized this statute as a statute of frauds and perjuries, supplementary to the general statute of frauds and perjuries; and held that it should be construed accordingly. *Wellinger* v. *Crawford* (1911), 48 Ind. App. 173, 89 N. E. 892, 93 N. E. 1051; *Doney* v. *Laughlin* (1911), 50 Ind. App. 38, 94 N. E. 1027. It was not long, however, until the courts began to make use of such statements as the following: " 'The statute just cited was enacted to protect the owners of real estate against the imposition and fraud of real estate agents, not to enable them to commit such fraud and imposition against such agents.' " *Morton* v. *Garfield* (1912), 51 Ind. App. 28, 98 N. E. 1007.

The frequent use of similar statements betrayed a tendency to relax the rule and to regard the statute as being of little importance—a tendency which, if carried to its logical conclusion, would result in nullification.

In the year 1913, the legislature amended the statute (Acts 1913 p. 638, §7463 Burns 1914) by adding thereto the following: "Provided, That any general reference to such real estate sufficient to identify the same shall be deemed to be a sufficient description thereof." The inference is that the legislature intended by this amendment to strengthen the statute as against the tendency of the courts to weaken it. The plain meaning of the amendment is that the description must be sufficient to identify the real estate without the aid of parol evidence. The evident purpose of the statute is to prevent fraud and perjury,

and it should be enforced firmly and without evasion. *Peoples Outfitting Co.* v. *Wheeling Mattress Co.* (1918), 67 Ind. App. 18, 118 N. E. 827.

In the case at bar, is the contract valid? The language of the document is extremely awkward. Was the property to be sold real or personal? Is the 2. property owned by Hutchinson and located at "549" the property to be sold? Do the figures "549" refer to a number on a building, or to a number in a city directory? If to a number on a building, was the building personal property or real estate? Was there but one number on the building? Was the building itself the property to be sold? If a building and ground, what ground? To admit parol evidence for the purpose of "identifying" the property would be to indulge the very mischief which the statute is designed to prevent. *Ross* v. *Allen* (1891), 45 Kans. 231, 25 Pac. 570, 10 L. R. A. 835, 839; *McKenna* v. *Smith* (1922), 77 Ind. App. 372, 133 N. E. 510; *Ridgway* v. *Ingram* (1875), 50 Ind. 145, 19 Am. Rep. 706; *Lee* v. *Hills* (1879), 66 Ind. 474; *Pulse* v. *Miller* (1881), 81 Ind. 190; *Wilstach* v. *Heyd* (1890), 122 Ind. 574, 23 N. E. 963; *Carskaddon* v. *City, etc.* (1895), 141 Ind. 596, 39 N. E. 667, 41 N. E. 1; *City, etc.,* v. *Leeds* (1899), 24 Ind. App. 271, 55 N. E. 799; *Porter* v. *Patterson* (1908), 42 Ind. App. 404, 85 N. E. 797; *Cunha* v. *Callery* (1908), 29 R. I. 230, 69 Atl. 1001, 18 L. R. A. (N. S.) 616, 132 Am. St. 811; *Cushing* v. *Monarch Timber Co.* (1913), 75 Wash. 678, 686, 135 Pac. 600, Ann. Cas. 1914C 1239.

It has often been said that the courts will not permit a statute of frauds to be used as a shield to protect one in the commission of fraud. That statement, however, is applicable only to a well-defined class of cases. The indiscriminate and ill-considered use of the statement leads only to confusion and lawlessness. To permit the

statement to serve as a justification for ignoring the statute in every case involving a seeming hardship, would amount to an unauthorized abrogation of the statute.

We are not unmindful of the liberality sometimes manifested by the courts in passing upon the sufficiency of descriptions in contracts within §7462 Burns 1914, §4904 R. S. 1881.   But the sufficiency of the contract in the case at bar must be determined by a reference to the express requirement of the section above quoted.   The legislature has furnished the rule for this class of cases and it is the duty of the courts to enforce it.   We are of the opinion that the contract is invalid.

There is another reason why the judgment must be reversed.   Borum's contract was to sell something.   He could perform his part of the contract in either of two ways:   (1) By bringing about an absolute sale, or (2) by bringing forward some one who was willing, able and ready to pay the price specified or "any other price" which Hutchinson would "agree to accept."   The undisputed evidence shows that Borum wholly failed to perform his part of the contract in either way; that he never brought forward any person who was willing, able and ready to purchase the property; and that his efforts were not the efficient and procuring cause which brought forth the person (or persons) who subsequently purchased the property. (In saying this we would not be understood as intimating that performance on his part would take the case out of the statute.)   *Thomas* v. *Hennes* (1922), *post* 275, 135 N. E. 392; *Drake* v. *Biddinger* (1902), 30 Ind. App. 357, 66 N. E. 56; *Engle* v. *Johnson* (1904), 34 Ind. App. 593, 73 N. E. 272; *Phillips* v. *Jones* (1906), 39 Ind. App. 626, 80 N. E. 555; *Handley* v. *Shaffer* (1912), 177 Ala. 636, 59 So. 286; *Cronin* v. *American Securities Co.* (1909), 163 Ala. 533, 50 So. 915, 136

Ross, Receiver, *v.* Indiana Nat. Gas, etc., Co.—78 Ind. App. 219.

Am. St. 88; *Cadigan* v. *Crabtree* (1901), 179 Mass. 474, 61 N. E. 37, 88 Am. St. 397, 55 L. R. A. 77; *Cadigan* v. *Crabtree* (1904), 186 Mass. 7, 70 N. E. 1033, 104 Am. St. 543, 66 L. R. A. 982; *Sibbald* v. *Bethlehem Iron Co.* (1881), 83 N. Y. 378, 38 Am. Rep. 441.

The judgment is reversed, and the trial court is directed to grant a new trial.

Remy, J., absent.

McMahan, J., concurs in the result.