Kaiser et al. *v.* Shannon et al.

[No. 17,959.   Filed March 13, 1950.]

*Nichols & Nichols,* of Knox, and *Louis A. Reidelbach,* of Winamac, for appellants.

*Lester L. Wilson* and *Harold R. Staffeldt,* both of Winamac, for appellees.

BOWEN, J.—This is an appeal from a judgment for defendants in an action by appellants to collect a commission as real estate brokers.

The single error assigned for reversal is the overruling of appellants' motion for a new trial, the grounds of which motion were that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Appellants' first specification of error, that the decision of the court is not sustained by sufficient evidence, presents no question for review on appeal inasmuch as the decision of the court was a negative one, against the party having the burden of proof. In such cases, an assignment of error that such decision is not sustained by sufficient evidence presents no question. *Wilson* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. 2d 728; *Cleveland, etc., R. Co.* v. *Starks* (1915), 58 Ind. App. 341, 106 N. E. 646; *Cart* v. *Fleming* (1949), 119 Ind. App. 690, 88 N. E. 2d 577.

The second specification of assigned error, that the decision of the court is contrary to law, presents the sole question for our determination.

The action in the instant case was based upon a written contract of employment between appellees, as sellers, and appellants, as real estate brokers. From the pleadings and the evidence, the trial court could have properly determined that the appellees made an exclusive brokerage agreement in writing with appellants for the sale of their farm and agreed to pay the appellants 5% of the $13,275 sale price, provided the appellants furnished a buyer for such farm to appellees. The agreement was dated August 31, 1948, and gave appellant exclusive selling rights for four months and thereafter until appellees gave appellants a 30-day written notice of termination of this agreement.

The appellants alleged in their complaint that they procured a purchaser for appellees' farm who was ready, willing, and able to purchase the said farm on the terms and conditions proposed by the appellees in the employment agreement.

The main issue in this appeal is whether the undisputed evidence or the only reasonable inference to be drawn from the evidence shows that the appellants furnished to the appellees a prospective purchaser who was ready, willing, and able to purchase the appellees' farm according to the terms of the agreement.

On this issue, considering the evidence most favorable to appellees, as we are required to do, the record shows that while the brokerage agreement for the sale of the farm was unrevoked by appellees and in effect, on October 9, 1948, the appellant Koltowski took one Frank Lacic, a prospective purchaser, to the farm. That after driving around looking at the farm, Koltowski left Lacic in the car and went over to the field where Harold Shannon, one of the appellees, happened to be. Koltowski stated to him that he had some people out to see the farm who were interested in buying it.

Shannon told him he couldn't find another place that suited him and he was not going to sell. Koltowski then went back to the car and drove back to his office with Lacic. Lacic paid him $100 in his office and he gave him a receipt for a downpayment on the farm. On Monday, October 11th, appellant Kaiser went to appellee Shannon's house with a copy of Lacic's receipt for $100 which was a memorandum of the alleged sale, and told him he had sold the farm. Shannon told him the deal was off and to send the money back.

At the trial, Lacic, the prospective purchaser, when asked if he had the money to pay for the farm testified he had $100. On cross-examination when asked whether, when appellant Koltowski was showing him the farm, he said anything to him about the price, Lacic stated: "He said it was ten thousand and something and I said I would like to pay some of the account." Lacic also testified that he told appellant Koltowski he had $100 and when he got to Chicago and came back he would pay it all. There was a total lack of evidence showing the present financial ability of the prospective purchaser to pay for the farm, nor was it shown that he owned property or had assets sufficient to conclude the transaction, but merely that he would go to Chicago and would pay it all.

We have a situation where the ability of the purchaser to pay the agreed price must rest upon his statement that he had $100 and that he would go to Chicago to get the balance of more than $13,000. He didn't testify he had cash or other assets sufficient to purchase the farm and his answer to the question as to whether he had the money to pay for the farm was that he had $100.

The appellants contend that they are excused from showing that the prospective purchaser was able to

purchase the farm by reason of appellees' refusal to sell, citing *McFarland* v. *Lillard* (1891), 2 Ind. App. 160, 166, 28 N. E. 229, 231. However, in the instant case we do not have a situation as in the McFarland case, *supra,* where the agent procured a purchaser whose offer the seller accepted and the seller thereafter refused to go ahead with the deal. Clearly, if the evidence in the instant case leads inescapably to the conclusion that the appellants procured and furnished a qualified buyer under the agreement and the law, and thereupon the appellees refused to enter into a contract for sale with such purchaser, appellants' position would be tenable. *Williams et al.* v. *Fraker* (1921), 75 Ind. App. 316, 129 N. E. 413.

In this case, we have a negative verdict by the trial court against appellants. The evidence, when fairly considered, as we have recited in this opinion does not lead inescapably to only one reasonable conclusion that appellants had furnished a buyer who was ready and able to purchase the real estate on the agreed terms. The trial court could have properly concluded from the evidence that appellants had failed to procure a purchaser who was able to purchase the farm. *Reynor* v. *Mackrill* (1917), 181 Iowa 210, 164 N. W. 335, 1 A. L. R. 523, and cases cited therein.

The facts of the present case do not bring it within the class of cases where the purchaser's financial ability is presumed. In *Stauffer* v. *Linenthal* (1902), 29 Ind. App. 305, 64 N. E. 643, the court stated: "It appears from the evidence that appellees accepted the offer of the purchaser procured by appellants, and the appellee and the purchaser entered into a written contract. . . . When this contract was made, the presumption is that the purchaser was able to carry out the contract, and the burden was upon the appellee to show the purchaser's inability to comply. . . ."

In the instant case, we do not have a situation where the evidence leads inescapably to the conclusion that the sale would have been consummated, but for the refusal to sell on the part of the sellers, nor does it show without question that appellants procured a purchaser who was ready, able, and willing to purchase the farm. It was a question of fact for the trial court to determine, which was decided adversely to appellant. At no time did the prospective purchaser testify or show that he had the ability to purchase the real estate in question.

For the reasons given herein, the lower court did not err in overruling appellants' motion for a new trial. Judgment affirmed.

NOTE.—Reported in 90 N. E. 2d 819.