WERLING v. NEW HAVEN CONSERVATION CLUB, INC.

[No. 19,004.  Filed November 24, 1958.]

*Atkinson & Sanders*, of Auburn, for appellant.

*Gates & Gates*, of Columbia City, for appellee.

CRUMPACKER, J.—The appellant tried this case below on the theory that the appellee dammed up a natural water course and thereby caused water to back up and flood his land. He sought a mandatory injunction to compel the appellee to remove the dam and to refrain in the future from interfering with the flow of water along said natural course. The case was tried to the Whitley Circuit Court which found against the appellant on his complaint and denied the relief sought. The sole error charged in this appeal is the overruling of the appellant's motion for a new trial which makes but two contentions as follows: (1) "The decision of the court is not sustained by sufficient evidence," and (2) "the decision of the court is contrary to law." The first of the above assignments presents no question as the judgment involved is entirely negative. *Capes* v. *Barger* (1953), 123 Ind. App. 212, 109 N. E. 2d 725; *Kaiser* v. *Shannon* (1950),

120 Ind. App. 140, 90 N. E. 2d 819; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905.

The argument portion of the appellant's brief wholly fails to meet the requirements of Rule 2-17 (e). Neither the assignment of errors nor a statement of errors relied upon for reversal appear in said brief and under the heading "Proposition I" the appellant argues his case without specific reference to the assignment of errors set out in his motion for a new trial. "Proposition I" is merely a statement of a generally accepted definition of a natural water course followed by a recital of evidence tending to prove that the appellant's land, through a line of tile, drained into a gully which had its outlet in the Maumee River near the town of New Haven in Allen County, Indiana. That said gully, from time immemorial, has been the natural course of water draining from adjoining lands into the river and that the appellee's act in building a dam across said gully at the river bank caused such water to back up and overflow appellant's land. An examination of the record however discloses that such evidence is in serious dispute and that the evidence most favorable to the appellee, by which we are bound, indicates that the overflowing of the appellant's land is due to the fact that the line of drainage tile heretofore described is broken down in places and the tile filled with silt and debris and that the flooded condition of the appellant's land is due to the failure of such defective tile to carry over normal rainfall and not because the appellee's dam has caused water in said tile to back up. In other words there is evidence in the record that justified the court in finding that the appellee's dam has nothing whatever to do with the conditions of which the appellant complains. No argument is made supporting the contention that the court's decision

is contrary to law other than that there is insufficient evidence to support it. As a negative decision is not subject to such criticism, it cannot be contrary to law for that reason. A negative decision, however, is contrary to law where the facts are undisputed and compel the conclusion that the appellant was denied relief to which such facts indicate he was entitled as a matter of law. *Mueller* v. *Mueller* (1948), 118 Ind. App. 274, 78 N. E. 2d 667. The present record discloses no such situation.

Judgment affirmed.

NOTE.—Reported in 154 N. E. 2d 124.