DONALD D. DAY d/b/a DAY'S REAL ESTATE AND AUCTION SERVICE *v.* WILLIAM A. WEST AND ANNA WEST

[No. 3-576A108. Filed March 23, 1978.]

*Phyllis Poff*, of Auburn, *Howard E. Petersen, Richard K. Muntz*, of LaGrange, for appellant.

*William J. Wood*, of Indianapolis, for Amicus Curiae.

*Dudley W. Gleason, Jr.*, of Angola, for appellees.

HOFFMAN, J.—Donald D. Day d/b/a Day's Real Estate and Auction Service brought an action against William A. West and Anna West for their failure to pay him a real estate commission. The issues raised

concern whether the property description in the listing contract between the parties was sufficient to satisfy the requirements of IC 1971, 32-2-2-1 (Burns Code Ed.)[1] and whether Day's performance was such as would require the commission payment.

Appellees have not favored this Court with an answer brief to support the judgment of the trial court. Nevertheless, they are given the benefit on appeal of that view of the evidence most favorable to the trial court's judgment, *Keene v. City of Michigan City* (1965), 137 Ind. App. 477, 210 N.E.2d 52, and reversal will ensue only if error is demonstrated in the record and by appellant's brief. *Capital Dodge et al. v. Haley et al.* (1972), 154 Ind. App. 1, 288 N.E.2d 766

In this context the record reveals that appellee William A. West owned seventy-nine acres of farmland in Troy Township, DeKalb County, Indiana. He discussed the possible sale of this farm with appellant after having had it previously listed with another realtor. Thereafter, Day, a licensed real estate agent, listed the West farm on November 1, 1971, for a one-year period for $29,500. Appellees William and Anna West signed the listing agreement with Day at that time which in pertinent part reads:

"In consideration of your listing for sale and undertaking to find a purchaser for the real estate described below, on terms noted below or other satisfactory terms, I or we hereby grant and give to you the exclusive right and authority to sell or exchange the same for a period from Nov. 1, 1971, to Nov. 1, 1972, for the price of Twenty-Nine Thousand-Five Hundred Dollars, $29500 . . .

\* \* \* \* \*

"In the event you find a purchaser ready, willing and able to buy said real estate, or should said real estate be sold or through you,

---

1. IC 1971, 32-2-2-1 (Burns Code Ed.) provides:

"No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one [1] person of a purchaser for the real estate of another, shall be valid unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative: Provided, That any general reference to such real estate sufficient to identify the same shall be deemed to be a sufficient description thereof."

ourselves or otherwise, during said time for the price and upon the terms named below, or for any other price or terms, or consideration acceptable to me or us, I or we hereby agree to pay you as commission a sum equal to 5 per cent of the sum for which said property is sold or exchanged, . . . and you are hereby authorized to accept an earnest money deposit with any offer to purchase said real estate. Said deposit may be retained by you until settlement is made. Should purchaser fail to complete said purchase, said earnest money deposit shall be applied first to your advertising and other expense and the balance shall be divided equally between us.

\* \* \* \* \*

"LEGAL   Located in Troy twp DeKalb Co. Ind.

Acres   80

House   3 Bedroom all modern with Elec Heat, Complete Bath Built Cabinet, 2 car garage full basement

Barn and Outbuildings   Basement Barn
40 x 62 steel roof
pole barn 54 x 64

REMARKS:   The above includes Brick school and 1 acre small pond near Bldg Located 1 mile north McClellan Church on Bellefoundation Rd. between Hamilton and Edgerton"

Although West testified that he could not read, he placed his signature on the agreement and indicated that he understood that the real estate commission would be 5% of the purchase price. Pursuant to this agreement appellant erected signs on the property and arranged to show the house on several occasions. On one of of these, after making an appointment to have the door left unlocked, Day brought Mr. and Mrs. Leo McClure to the farm. They viewed the premises and as a result eventually signed a written agreement to purchase dated July 27, 1972. Mr. McClure withdraw $2,000 of the $8,000 in his savings account for a deposit and left it with Day, who in turn kept it in a real estate escrow account. Thereafter appellant made several attempts to have West sign the purchase agreement by taking it out to his farm. West refused to sign claiming that he wanted to retain a pipeline easement and mineral rights. On a subsequent occasion West refused to sign under any circumstances. An argument ensued and Day

returned the deposit to the McClures'. Day then requested the commission of $1,475 and when West refused to pay, Day brought this action. After trial to the court, judgment was entered for West from which Day perfected this appeal.

The thrust of appellant's argument focuses on his two responses to the defense posture taken at trial. The first of these is that the listing agreement conformed with all of the requirements of IC 1971, 32-2-2-1, *supra*, and specifically that there was a description of the property sufficient to support the Wests' obligation to pay the agreed upon commission. Appellant relies upon the description of the property as "Located in Troy Township, DeKalb County, Indiana . . . one mile north McClellan Church on Bellefountain Road between Hamilton and Edgerton." This together with the identification of various buildings and barns located thereon is said to be adequate to satisfy the statutory requirement that "any general reference to such real estate sufficient to identify the same shall be deemed to be a sufficient description thereof."

The chief element in a real estate brokerage contract is the employment of an agent by the seller. As stated in *Doney v. Laughlin* (1911), 50 Ind. App. 38, at 44, 94 N.E. 1027, at 1028, 1029:

> "The object of the legislature in enacting the statute requiring real estate commission contracts to be in writing was in general, the same as that which led to the enactment of our statute of frauds, viz., to avoid frauds and perjuries, and the later is especially for the protection of those selling real estate through agents, to avoid conflict as to who, if any one, is entitled to the commission, and definitely to fix the amount to be paid. In enacting the statute, the legislature plainly provides that a contract for a real estate commission is invalid, or incapable of legal enforcement, unless in writing signed by the person obligated or his authorized agent."

With Acts 1913, ch. 219, § 1, p. 638, the statute was changed to its present form by the addition of the proviso under consideration which is: "That any general references to such real estate sufficient to identify the same shall be deemed to be a sufficient description thereof."

Drawn to this Court's attention in this context in *Hutchinson v. Borum* (1922), 78 Ind. App. 214, 135 N.E. 179, as it applies to the adequacy of a real estate description in light of the listing agreement herein.

The court in that case seized upon the additional language as an intendment to strengthen the requirements of a real estate description in order to avoid the need for parol evidence. Accordingly, *Hutchinson* held a street address to be an inadequate description stating, "[t]he evident purpose of the statute is to prevent fraud and perjury . . ." by requiring a self-sufficient description of the land to be sold.

Not convinced that the additional language added by amendment requires the analytical result reached in *Hutchinson v. Borum, supra,* this Court takes notice of the fact that house numbers alone may be sufficient under certain circumstances. In many urban areas today the common and most reasonable means of locating property is by street address. However, it is clear that the statute does attempt to avoid litigation concerning the clarity of real estate listing contracts and on its face requires an accurate identification of the property sought to be sold. Accordingly, the test is whether from the information found within the four corners of the listing agreement a reasonable man could locate the correct property.

The description of the farm to be sold in the case at bar meets this standard. It is said to consist of 80 acres located one mile north of McClellan Church on Bellefountain Road between Hamilton and Edgerton in Troy Township, DeKalb County, Indiana. Included thereon was said to be a three-bedroom house with two-car garage and full basement, a pole barn measuring 54 feet by 64 feet, a basement barn with a steel roof measuring 40 feet by 62 feet, a brick school building and a nearby 1-acre pond. This clearly identified the West farm and was sufficient to satisfy the real estate description required by IC 1971, 32-2-2-1, *supra.* A reasonable man could locate the property as described. Accordingly, to the extent *Hutchinson v. Borum, supra,* is in conflict with this result, it is hereby overruled.

Appellant's second argument in response to appellees' negative assertion at trial is that the evidence supports the sole conclusion that Day provided a ready, willing and able buyer pursuant to the listing agreement. Day contends that it is not required of an agent to prove the financial ability of a purchaser before being eligible for his commission since such financial ability is often presumed, citing *McFarland v. Lillard* (1891), 2 Ind. App. 160, 28 N.E.

299. Moreover, relying on *Fischer v. Bell* (1883), 91 Ind. 243, it is argued that a real estate broker is entitled to his commission whenever he finds a purchaser in a situation willing to complete the purchase on the terms agreed.

Certain terms of the purchase agreement signed by McClure and offered by Day to West pertain:

"TO:   Mr. Mrs. William West   OWNERS
I hereby agree to purchase from you for the sum of $29500$^{00}$, the real estate in DeKalb county, Indiana, commonly known as Wm West Farm Consisting of 80 acres, about 1 mile north of Church, the legal description of which is: Located in Section #5 Troy twp DeKalb Co. Ind.

I will pay said sum of $29500$^{00}$, for said property upon the following terms: $2000$^{00}$ cash the receipt which is hereby acknowledged Balance when Title and possession is given.

\* \* \* \* \*

"This Agreement to Purchase is made subject to the following terms and conditions:

\* \* \* \* \*

"9. I hereby deposit with your Agent, Donald D. Day, the sum of $2000$^{00}$, to be used as earnest money in this transaction, and upon your written acceptance of this Agreement to Purchase, I will deposit with your said agent additional earnest money in the sum of $_____, all of which earnest money is to apply to the cash payment provided for at the time of the closing of this transaction. If this Agreement to Purchase is not accepted in writing by you on or before the 1st day of Aug., 1972, then the same shall be null, void and of no force and effect, and any earnest money deposited hereunder will be returned to me without delay. If this Agreement to Purchase is accepted by you and I fail to complete this purchase as agreed, my earnest money shall be forfeited to you as liquidated damages which shall be your sole remedy at law or in equity."

The foregoing discloses no contingency concerning financing which would automatically preclude McClure's commitment to pay the purchase money. Rather the forfeiture of the earnest money deposit is considered the exclusive remedy upon the buyer's failure to perform. This remedy relates to that portion of the listing agreement which provides

that "[s]hould purchaser fail to complete said purchase, said earnest money deposit shall be applied first to [the realtor's] advertising and other expense and the balance shall be divided equally between [the seller and the realtor]." Accordingly, West would have received recompense for the buyer's failure to perform and would not have been liable to the broker for the agreed commissions had he accepted the proposal under the listing agreement. However, when West refused McClure's offer outright, the question of McClure's financial ability to purchase the farm never materialized. *Kaiser v. Shannon* (1950), 120 Ind. App. 140, 90 N.E.2d 819. To this extent then McClure's ability to purchase is presumed from the uncontradicted evidence before the Court.

The record discloses that McClure had $8,000 in a savings account from which $2,000 was withdrawn as earnest money. He made a loan application through the Edgerton State Bank which was "ready to be closed" for the purchase of the West farm. Furthermore, Day testified that he had offered to loan McClure any additional money he might have needed to consummate the deal. Under such circumstances Day must be considered to have procured a ready, willing and able buyer.

Moreover, West never objected to McClure's offer for financial reasons. West allowed his farm to be viewed by the prospective buyer. He testified that Day brought the purchase agreement to his house for his signature on several occasions. On one of these appellee remembered ordering Day off his premises. West further testified that he "refused anything" after June 3, 1972, he "refused to sign the agreement" and refused to pay Day his commission of $1,475 even though he knew Day would have to return the earnest money to McClure.

The record discloses no probative evidence from which a fact finder could reasonably conclude that Day did not perform the services contemplated under the listing contract. Without evidence or reasonable inferences therefrom supporting a contrary conclusion the appellees' position cannot be sustained on appeal.

Accordingly, for the foregoing reasons the judgment of the trial court must be reversed.

Judgment reversed.

Staton, J. and Lowdermilk, J., participating by designation, concur.

NOTE—Reported at 373 N.E.2d 935.