**MERRI–BOWL, INC., an Indiana Corporation, Defendant–Appellant,**

v.

**Pete HAZIFOTIS, d/b/a Allied Realty Company and Mark Malczewski, d/b/a Marcus & Associates, Plaintiffs–Appellees.**

**No. 56A03–8903–CV–107.**

Court of Appeals of Indiana, Third District.

Dec. 14, 1989.

Transfer Denied April 4, 1990.

Steven W. Handlon, Handlon and Handlon, Portage, for defendant-appellant.

John Kappos, Merrillville, for plaintiffs-appellees.

GARRARD, Presiding Judge.

Defendant–Appellant Merri–Bowl, Inc. appeals the trial court's decision granting summary judgment to Pete Hazifotis, d/b/a Allied Realty Company and Mark Malczewski, d/b/a Marcus & Associates.

The facts relevant to this appeal disclose that the landowner-seller, Merri–Bowl, Inc., wished to sell a parcel of real estate upon which a bowling facility was located. The realtors, Hazifotis and Malczewski, and sellers had entered into two written listing agreements which had expired on November 1, 1987.

In January 1988, the realtors found a prospective purchaser for the property. There was some concern over the realtors receiving a commission so the sellers had their attorney draft and send a real estate brokerage agreement to the realtors. It read:

REAL ESTATE BROKERAGE AGREEMENT

MERRI–BOWL, INC., an Indiana corporation, hereby promises to pay jointly to ALLIED REALTY COMPANY and to MARCUS & ASSOCIATES a total real estate sales commission equal to ten percent (10%) of the sales price of the property commonly known as 7610 Broadway, Merrillville, Indiana, upon the following terms and conditions:

1. This Agreement entirely supersedes the prior written and oral agreements of Merri–Bowl, Inc., Allied Realty Company, and Marcus & Associates.

2. The real estate sales commission is payable only with respect to a sale made to Leslee–International Corporation, an Indiana corporation, and only if a full and binding agreement for sale is made within the next six (6) months.

3. The sales commission shall be payable only upon receipt of the purchase price, in the same proportions and at the same times as the purchase price is received, and it shall bear interest at the same rate which the purchase price bears.

4. This agreement must be signed and dated by a duly authorized representative of Allied Realty Company, and of

Marcus & Associates, and delivered to Merri–Bowl, Inc. and to its attorney, Steven W. Handlon, not later than February 12, 1988.

MERRI–BOWL, INC.,
an Indiana corporation,
by: /s/ William A. Biernat          2–10–88

    WILLIAM A. BIERNAT, as     Date
    President, and not individually

ALLIED REALTY COMPANY
by:
_____  _____

    Authorized Representative     Date

MARCUS & ASSOCIATES
by:
_____  _____

    Authorized Representative     Date

Since a dispute arose as to whether the agreement was signed by the realtors and returned to the seller's attorney by the deadline, the parties have agreed to assume for purposes of summary judgment that only the seller signed the agreement.

It is undisputed that the realtors found the purchaser, Leslee International, and on August 3, 1988 the sale was completed with the purchaser paying the full purchase price of $725,000.00.

The realtors filed a complaint for recovery of their commission. The trial court granted the realtors' motion for summary judgment and ordered Merri–Bowl, Inc. to pay the commission set out in the agreement plus pre-judgment interest.

The appellant raises the following issue for review: whether the trial court erred in granting plaintiffs' motion for summary judgment.

Appellant argues that no enforceable agreement for payment of a commission was made because a verbal contract is unenforceable under Indiana's statute of frauds and a written contract for payment of the commission was never made. Appellant alleges that the agreement sent to the realtors was an offer and since the realtors did not comply with paragraph 4 of the agreement requiring them to sign the agreement and submit it to appellant's attorney, the realtors did not accept the offer making the agreement a binding written contract.

Indiana's statute of frauds requires any contract for the sale of lands to be in writing and signed by the party to be charged therewith. Specifically, the statute reads:

No action shall be brought in any of the following cases:

\*    \*    \*    \*    \*    \*

Fourth. Upon any contract for the sale of lands;

\*    \*    \*    \*    \*    \*

Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting however, leases not exceeding the term of three (3) years.

IC 32–2–1–1 (1988). Similarly, Indiana requires that contracts for payment of real estate commissions be in writing and signed by the owner of the real estate. IC 32–2–2–1 (1988) states

No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one (1) person of a purchaser for the real estate of another, shall be valid unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative: Provided, That any general reference to such real estate sufficient to identify the same shall be deemed to be a sufficient description thereof.

Just as the object of the Indiana legislature in enacting the statute of frauds was to avoid frauds and perjuries, the object of the legislature in enacting Indiana's statute requiring real estate commissions to be in writing was to protect those selling real

estate through agents so that no conflict would arise as to who was entitled to the commission and the amount of commission that was to be paid. *Day v. West* (1978), 176 Ind.App. 15, 373 N.E.2d 935, 938. The legislature plainly provides in this statute that a contract for a real estate commission is invalid, or incapable of legal enforcement, unless in writing and signed by the person obligated or his authorized agent. *Day, supra*, 373 N.E.2d at 938.

In the present case the plain language and clear meaning of paragraph 4 of the only written agreement clearly conditioned its becoming effective upon written acceptance by the broker delivered to Merri–Bowl by February 12, 1988. Thus, while not dispositive of the merits of the claim, the absence of undisputed evidence that the condition was complied with or waived renders the grant of summary judgment on the contract inappropriate.

Reversed and remanded.

SULLIVAN, J., concurs and files separate opinion.

HOFFMAN, J., dissents and files separate opinion.

SULLIVAN, Judge, concurring.

From an equitable standpoint, I agree that Hazifotis and Malczewski are entitled to be compensated for obtaining the purchaser of the Merri–Bowl real estate. I do not, however, agree with the Judge Hoffman's position that there was an agreement in writing between and among Merri–Bowl, Hazifotis and Malczewski to pay a commission of ten percent (10%).

To be sure there was a writing executed by one of the parties to the alleged agreement. It may well be that such writing was a recitation of an oral agreement or that there may have been an agreement implied in law but such writing was not an agreement between the parties.

That there may in fact have been a valid and enforceable agreement for a ten percent (10%) commission is not demonstrated as a matter of law. That a trier of fact would perhaps, or even most probably, determine that such an agreement existed does not justify a summary judgment premised upon such expectation.

Upon the appeal as it has been presented to us, I concur in the reversal and remand for further proceedings.

HOFFMAN, Judge, dissenting.

I respectfully dissent from the majority's conclusion that summary judgment on the Real Estate Brokerage Agreement was inappropriate. The agreement was in writing and it was signed by the owner of the real estate, as required by IND.CODE § 32–2–2–1 (1988 Ed.). Whether the realtors indicated their acceptance of its terms by signing the agreement was immaterial.

Other states with statutes virtually identical to IND.CODE § 32–2–2–1 have upheld commission agreements which were not signed by the realtor.

> See *Maxwell v. Tucker* (1968), 118 Ga. App. 695, 165 S.E.2d 459;
>
> *Byrne v. Bushkoff* (1955), 177 Pa.Super. 101, 110 A.2d 813;
>
> *Traxler v. McLeran* (1931), 116 Cal. App. 226, 2 P.2d 553;
>
> see generally 12 C.J.S. *Brokers* § 124 (1980).

According to the courts in those jurisdictions, the absence of the realtor's signature was neither material nor determinative, provided there was compliance with the statute governing commission agreements. *See id.*

Such extra-jurisdictional authority is not binding upon this Court, but it is persuasive. I vote to affirm the summary judgment.